# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1537

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Kevin Merrival, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 12, 2007
Filed: April 4, 2008

_____

Before RILEY, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

After Kevin Merrival violated the terms of his supervised release, the district court[1] sentenced him to 24 months' imprisonment with no further term of supervised release. Merrival argues that the district court failed to examine factors supporting leniency under 18 U.S.C. § 3553(a), and imposed a term of imprisonment that is substantively unreasonable. We hold that the district court's sentence was not an abuse of discretion, and we therefore affirm.

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

On September 10, 2001, Kevin Merrival pled guilty to one count of distributing cocaine. The district court sentenced him to 18 months' imprisonment, followed by 72 months' supervised release. Merrival completed the term of imprisonment on January 8, 2003, but violated a condition of his supervised release by using drugs and alcohol. On August 17, 2004, after a revocation proceeding, the district court sentenced him to 11 months' imprisonment followed by 60 more months' supervised release. *See* 18 U.S.C. § 3583(h). Merrival completed this second term of imprisonment and commenced supervised release again on June 23, 2005.

In October 2005, Merrival was arrested for driving under the influence of alcohol, and in December 2006, he tested positive for cocaine. Merrival's probation officer warned him each time, but no action was taken to revoke his release. On January 22, 2007, a Rapid City police detective called Merrival's probation officer to report that he was a suspect in a major shoplifting ring. The probation office instructed Merrival to report to City/County Alcohol and Drug Program (Detox) until an investigation could be completed. At Detox, when directed to provide a urine sample for a drug test, Merrival tried to substitute his son's urine for his own. Merrival's own sample later tested positive for cocaine. Based on Merrival's cocaine use, the government petitioned to revoke his second term of supervised release. The district court granted the government's petition, and sentenced Merrival to 24 months' imprisonment, the maximum sentence permitted under 18 U.S.C. § 3583(e)(3). The court declined to order additional supervised release.

A district court must begin the sentencing procedure by calculating the applicable guidelines range. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). The court should then "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Id.* A district court also must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* at 597.

On appeal, we may consider both the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed. We review a revocation sentence under the same "reasonableness" standard that applies to initial sentencing proceedings, *United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005), and in accordance with *Gall*, we review the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard. 128 S. Ct. at 597.

Merrival argues that the district court abused its discretion by failing to consider his good work ethic, his financial responsibility to his family, and the fact that his recidivism was influenced by severe drug addiction. We disagree. The district court began by correctly calculating the advisory guideline range of 5 to 11 months' imprisonment. *See* USSG § 7B1.4(a). The court then noted that it had reviewed Merrival's original presentence report and his previous opportunities to complete supervised release. Merrival and the government both explained that the defendant had been employed throughout his adult life, and that he was financially responsible for "quite a few children." The district court plainly heard those statements, but nonetheless concluded that a further term of supervised release was inadequate to deter or rehabilitate Merrival. The court remarked that it had given Merrival "repeated chances," but that he could not "seem to get away from alcohol or drugs," and that additional supervised release would be "simply a waste of time." Accordingly, the court imposed a term of 24 months' imprisonment, with no additional supervised release to follow.

We conclude that the district court provided an adequate explanation of the sentence imposed, and that the sentence is not substantively unreasonable. Given Merrival's recidivism, the ineffectiveness of prior efforts at rehabilitation, and Merrival's recent attempt to provide a false urine sample for a drug test, it was not an abuse of discretion to conclude that further supervised release would be fruitless. The term of imprisonment imposed was greater than that recommended by the advisory guidelines, but the court also refrained from requiring Merrival to serve an additional

term of supervised release. Particularly given the impermissibility of proportionality review after *Gall*, 128 S. Ct. at 596, we cannot say that it was unreasonable under these circumstances for the district court to impose a term of 24 months' imprisonment without additional supervision to follow.

The judgment of the district court is affirmed.

_____