# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1820

_____

United States of America,      *
     *
       Appellee,      *
     *     Appeal from the United States
       v.      *     District Court for the
     *     District of South Dakota.
Donny Bear Robe,      *
     *
       Appellant.      *

_____

Submitted: December 11, 2007
Filed: April 7, 2008

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

After Donny Bear Robe violated the terms of his supervised release, the district court[1] sentenced him to the maximum 24 months' imprisonment allowed under 18 U.S.C. § 3583(e)(3), to be followed by 12 months of additional supervised release. The advisory sentencing guidelines recommended 3 to 9 months' imprisonment for his revocation offense. USSG § 7B1.4(a). Bear Robe appeals his sentence, arguing that the district court failed adequately to consider 18 U.S.C. § 3553(a) in selecting

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

the term of imprisonment, and that the term is substantively unreasonable. We hold that the district court's sentence was not an abuse of discretion, and we therefore affirm.

On December 14, 2004, Donny Bear Robe pled guilty to one count of involuntary manslaughter. While intoxicated, he led police on a high speed pursuit, during which a passenger in the open bed of his pickup truck was ejected and killed. The district court sentenced Bear Robe to 24 months' imprisonment, followed by 36 months' supervised release. Bear Robe served the term of imprisonment and began his term of supervised release on August 30, 2006.

Four months later, Bear Robe was arrested for public intoxication and driving while intoxicated with a blood alcohol concentration reading of 0.214 percent. There were three passengers in the vehicle at the time of his arrest. Bear Robe failed to report the arrest to his probation officer, as required by the terms of his supervised release, and when the probation officer eventually learned of the arrest, Bear Robe stated that the arrest had been a misunderstanding, that he had not consumed alcohol prior to the arrest, and that he had been the designated driver for his girlfriend and her friends that night.

The government petitioned to revoke Bear Robe's supervised release based on his consuming alcohol, driving while under the influence of alcohol, failing to report his arrest, and lying to his supervision officer. The district court revoked Bear Robe's supervised release, and imposed the sentence of 24 months' imprisonment to be followed by 12 months of supervised release.

In *Gall v. United States*, 128 S. Ct. 586 (2007), the Supreme Court set forth a procedure for district courts to conduct sentencing. First, district courts are to calculate the applicable guidelines range. *Id.* at 596. Second, district courts must "consider all of the § 3553(a) factors to determine whether they support the sentence

requested by a party." *Id*. The district court may not presume that the guidelines range is reasonable, but a major variance from the guidelines should be justified by more significant reasons that a minor one. *Id*. at 596-97. Third, the district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id*. at 597.

On appeal, we may consider both the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed. The statute applicable to revocations of supervised release directs the court of appeals to determine whether a revocation sentence is "plainly unreasonable," 18 U.S.C. § 3742(e)(4), but we have held after *Booker* that the same "reasonableness" standard applies to both initial sentencing decisions and revocation proceedings. *United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005); *accord United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007); *but see United States v. Hernandez-Martinez*, 485 F.3d 270, 273-74 (5th Cir. 2007); *United States v. Crudup*, 461 F.3d 433, 437 (4th Cir. 2006). According to *Gall*, we review the substantive reasonableness of a sentence under a deferential abuse of discretion standard. 128 S. Ct. at 597.

We hold that the district court did not abuse its discretion in sentencing Bear Robe to the statutory maximum term of imprisonment, followed by an additional period of supervised release. The district court began the process by correctly calculating the advisory guideline range to be 3 to 9 months' imprisonment. *See* USSG § 7B1.4(a). Bear Robe then argued that he should receive a more lenient sentence than recommended by the advisory range. He relied on the fact that his violation was caused by severe alcoholism, and that he had registered twice previously for treatment, but was placed on waiting lists both times. He also argued that imprisonment would disrupt care for his four year-old son, although he later admitted that the child lived with Bear Robe's father, who was "more than willing to help [Bear Robe] take care of him."

After hearing these points, the district court noted its obligation to consider 18 U.S.C. § 3553(a). In imposing the maximum sentence permitted under the statute, the district court emphasized three factors. First, given the similar nature of Bear Robe's revocation offense and original offense, the district court believed that the maximum term of imprisonment was required to deter Bear Robe from drinking and driving again in the future. Second, the court believed that Bear Robe's repeated drinking while on supervised release showed that he was unlikely to undergo rehabilitation without the constant supervision provided by incarceration. Third, the court took into account the fact that Bear Robe did not accept responsibility for his previous crime and continued to deceive and manipulate his supervision officer.

We are satisfied that the district court considered the factors set forth in 18 U.S.C. § 3553(a), with reference to the individual circumstances of Bear Robe's case. The court provided persuasive reasons to justify the sentence imposed. Particularly given the impermissibility of proportionality review after *Gall*, 128 S. Ct. at 596, we see no basis to conclude that the district court abused its discretion in sentencing Bear Robe to 24 months' imprisonment followed by 12 months' supervised release. The judgment of the district court is affirmed.

_____