# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1082

_____

United States of America,

        Plaintiff - Appellee,

v.

Larry L. Henderson,

        Defendant - Appellant.

*
*
*
*
*   Appeal from the United States
*   District Court for the
*   Eastern District of Missouri.
*
*   [UNPUBLISHED]
*

_____

Submitted: June 14, 2010
Filed: June 18, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

      Larry Henderson was convicted of twenty counts of manufacturing forged securities, in violation of 18 U.S.C. § 513(a), and sentenced to sixty three months imprisonment followed by twenty four months of supervised release. On December 31, 2009, the district court[1] revoked Henderson's period of supervised release and sentenced him to twenty four months imprisonment. Henderson appeals.

_____

    [1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

We review a district court's sentence on revocation of a supervised release for procedural soundness and substantive reasonableness, adopting "the same reasonableness standard that applies to initial sentencing proceedings[.]" United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008) (quotation omitted).

Henderson was charged with a number of violations of the conditions of his release. He admitted that he had traveled outside the state without court permission and had not made any payments toward his restitution obligations, both Grade C violations under the guidelines. See U.S.S.G. § 7B1.4. On October 15, 2009, Henderson was indicted by a federal grand jury which charged him again with securities fraud; the district court concluded that this was a Grade B violation. Given Henderson's criminal history category, the guideline range was seven to thirteen months for each Grade C violation and eighteen to twenty four months for the Grade B violation. Thus, he was sentenced at the high point of the advisory guidelines. See U.S.S.G. § 7B1.1(b) ("Where there is more than one violation of the conditions of [supervised release], . . . the grade of the violation is determined by the violation having the most serious grade.").

Because Henderson raised no objection to procedural errors at his revocation hearing, we review the district court's procedure for plain error, United States v. Gray, 533 F.3d 942, 945 (8th Cir. 2008), and find none. Henderson argues that the district court committed procedural error by considering only his criminal background and not other factors set forth in 18 U.S.C. § 3553(a). See Gall v. United States, 552 U.S. 38, 50-51 (2007). The district court discussed numerous other § 3553 factors at length, however, including the need to protect the public from further crimes given Henderson's extensive history of previous fraud convictions and revocations of supervised release.

Applying a deferential abuse of discretion standard, Gall, 552 U.S. at 56, we also find Henderson's sentence substantively reasonable. We accord the sentence a

presumption of reasonableness since it falls within the guideline range.  See United States v. Harris, 493 F.3d 928, 932 (8th Cir. 2007).  "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors."  United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008).  Henderson argues that the district court placed too much weight on his indictment because the allegations within it were unproven.

A court may find that a defendant violated a supervised released condition by only a preponderance of the evidence.  18 U.S.C. § 3583(e)(3).  The district court properly considered and weighed the federal grand jury's finding of probable cause to believe that Henderson engaged in fraud, particularly when he engaged in new fraud within months of his release from imprisonment for similar crimes.  On this record we find no abuse of discretion.

The judgment of the district court is affirmed.

_____