# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1007

_____

United States of America,

        Appellee,

v.

Robert Allen King,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the District of
Minnesota.

[UNPUBLISHED]

_____

Submitted: June 14, 2010
Filed: July 26, 2010

_____

Before LOKEN, ARNOLD and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Robert King appeals the 30-month sentence that the district court[1] imposed upon revocation of his supervised release. King argues that the court did not adequately consider his sentencing arguments and that his sentence is unreasonable. For the following reasons, we affirm.

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

In 1997, King pled guilty to conspiring to distribute and possess with the intent to distribute cocaine and was sentenced to 132 months' imprisonment and five years of supervised release. King began his term of supervised release in November 2006. In March 2009, the court found that King violated the conditions of his supervised release by using a controlled substance and violating a restraining order. The court revoked King's supervised release and sentenced him to 6 months' imprisonment, with his initial term of supervised release to continue after his release from prison. King was released from prison in August 2009, and his term of supervised release continued.

As a condition of King's supervised release, he was required to participate in inpatient treatment for substance abuse, as his probation officer directed. In November 2009, King left his inpatient treatment facility without approval, and for a time his whereabouts were unknown. King's probation officer petitioned for revocation of King's supervised release. King was subsequently located and arrested.

In December 2009, the court held a revocation hearing. King admitted to leaving his inpatient treatment facility without approval, and the court found that King violated the conditions of his supervised release. King's attorney and the Government then presented arguments regarding an appropriate sentence for the violation. The court also received a letter from King and heard from King himself. King's advisory guidelines ranges was 4 to 10 months' imprisonment. *See* U.S.S.G § 7B1.4. The court sentenced King to 30 months' imprisonment.

King argues that the court did not "sufficiently consider" his arguments for a lesser sentence and that the 30-month sentence is "excessive." We review King's sentence "under a deferential abuse of discretion standard." *See United States v. Bear Robe*, 521 F.3d 909, 911 (8th Cir. 2008). First, the revocation hearing transcript shows that the court adequately considered King's arguments, the letter King wrote to the court, and the relevant statutory factors in 18 U.S.C. § 3553(a) in determining

an appropriate sentence.  The court expressly addressed King's argument that he had decided to stop using methamphetamine.  Additionally, the court stated, "I read your letter," and addressed the declarations King made in the letter.  Second, the court also considered King's criminal history, his repeated violations of the conditions of his supervised release, his "thirty-year history of meth[amphetamine] addiction," and the "opportunity [for King] to participate in a drug treatment program" while in jail in determining that a term of 30 months' imprisonment was appropriate.  In light of these considerations, the district court did not abuse its discretion in sentencing King to 30 months' imprisonment.  *See Bear Robe*, 521 F.3d at 911.

For the foregoing reasons, we affirm the judgment of the district court.

_____