# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2387

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Jessie M. Dominguez, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 13, 2010
Filed: February 14, 2011

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After serving a term of imprisonment for federal drug and firearms offenses, Jessie Dominguez commenced a three-year term of supervised release. The probation office subsequently petitioned the district court[1] to hold a hearing to determine whether Dominguez's supervised release should be revoked. After Dominguez admitted that he had violated several conditions of his supervised release, the district court revoked his supervised release and sentenced him to a term of 24 months'

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

imprisonment pursuant to 18 U.S.C. § 3583(e)(3). Dominguez appeals, arguing that the district court committed procedural errors at sentencing and imposed a substantively unreasonable sentence. We affirm.

On September 26, 2003, Dominguez pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine, and one count of possession of a firearm in furtherance of a drug trafficking crime. He was sentenced to a term of 78 months' imprisonment, to be followed by three years of supervised release.

The district court imposed a number of conditions of supervised release, including requirements that Dominguez submit monthly written reports to his probation officer, work regularly at a lawful occupation, avoid associating with convicted felons, and refrain from excessive use of alcohol or possession or use of controlled substances. The conditions of supervised release also required that Dominguez attend, pay for, and successfully complete a substance abuse treatment program and join a support group, as directed by his probation officer. Dominguez commenced his term of supervised release in October 2008. In June 2009, at the request of the probation office, the district court altered the conditions of supervised release to prohibit Dominguez from using or possessing any quantity of alcohol.

The probation office filed a petition for a revocation hearing in October 2009, asserting that Dominguez had violated six conditions of his supervised release. The petition alleged that Dominguez had failed to submit monthly reports to his probation officer, failed to maintain lawful employment, dated a convicted felon, failed to complete a substance abuse treatment program as directed by his probation officer, used methamphetamine, drank alcohol to excess prior to the modification of the alcohol-related condition of supervised release, and drank alcohol after the modification. The office filed an amended petition in November 2009, repeating the allegations of the original petition and elaborating on Dominguez's failure to

complete a treatment program. Dominguez admitted to the violations alleged in the amended petition. The district court revoked his supervised release and sentenced him to a term of 24 months' imprisonment, with no additional period of supervised release to follow.

Dominguez contends that the district court committed procedural error at sentencing by failing to consider all of the § 3553(a) factors, including the advisory guidelines range. The record does not support this contention. The district court began by properly calculating an advisory range of 3 to 9 months' imprisonment. *See* USSG § 7B1.4. The court then determined that a sentence of 24 months' imprisonment was appropriate "to reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, and to afford deterrence." The court also noted that it was "considering the statutory goals of sentencing" in imposing a 24-month term of imprisonment.

"Although the district court is required to consider certain factors set forth in § 3553(a) in a supervised-release-revocation sentencing, there is no requirement that the district court make specific findings relating to each of the factors considered." *United States v. Franklin*, 397 F.3d 604, 606 (8th Cir. 2005) (internal quotation and footnote omitted). "Evidence that the district court was aware of the relevant § 3553(a) factors required to be considered is sufficient," and such evidence "can be inferred from the record." *Id.* at 607. The district court here expressly discussed some of the § 3553(a) factors, and indicated that it was considering all the "statutory goals of sentencing." The record also shows that the court knew of the defendant's violations of specific conditions of supervised release, his criminal history category, and the advisory range. This was more than sufficient to establish that the district court considered the relevant § 3553(a) factors. *See id.*; *United States v. White Face*, 383 F.3d 733, 740 (8th Cir. 2004).

The district court also provided a sufficient explanation for its sentence. In its written statement of reasons, the court noted that "the numerous and repeated violations of the terms of supervision" demonstrated that Dominguez could not adequately be supervised in a setting less restrictive than prison, that Dominguez's behavior "is associated with a high risk of new felonious conduct," and that Dominguez is in need of drug or alcohol treatment that can best be provided in prison. Along with the district court's oral findings, this discussion is sufficient "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007).

Finally, applying a deferential abuse-of-discretion standard, we conclude that the sentence imposed was not substantively unreasonable. We have upheld revocation sentences above the advisory guidelines range in cases involving defendants who committed numerous and serious violations of the conditions of their supervised release. Such serial violations can justify a district court's determination that a significant term of imprisonment is appropriate because "further supervised release would be fruitless," *United States v. Merrival*, 521 F.3d 889, 891 (8th Cir. 2008), and the defendant is "unlikely to undergo rehabilitation without the constant supervision provided by incarceration." *United States v. Bear Robe*, 521 F.3d 909, 911 (8th Cir. 2008). Dominguez's conduct while on supervised release justified the district court's conclusion that he could not adequately be supervised outside a prison setting.

The judgment of the district court is affirmed.

_____

-4-