# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3507

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of Nebraska.
Eric English,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*　　[UNPUBLISHED]
　　　　　　　Appellant.　　　　　 *

_____

Submitted: February 14, 2011
Filed: April 6, 2011

_____

Before LOKEN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Eric English admitted to two violations of the terms and conditions of his supervised release. The district court[1] calculated an advisory Sentencing Guidelines range of 5 to 11 months imprisonment but varied upward under 18 U.S.C. § 3553(a) and sentenced English to 24 months imprisonment with no additional supervised release. English appeals, arguing that his sentence was substantively unreasonable because the district court failed to adequately consider and improperly balanced relevant factors under section 3553(a). We affirm.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

We review the substantive reasonableness of a revocation sentence under a deferential abuse-of-discretion standard. United States v. Miller, 557 F.3d 910, 917 (8th Cir. 2009). Although English's sentence is greater than the advisory Guidelines range, we conclude the district court considered all of the section 3553(a) factors and the sentence is substantively reasonable. During the revocation hearing, the district court discussed the nature and circumstances of the violations, the history and characteristics of English, the length of English's advisory Guidelines range, and the possibility of a non-incarceration sentence. The term of imprisonment imposed was greater than the advisory Guidelines range, but the court also refrained from requiring English to serve an additional term of supervised release. United States v. Merrival, 521 F.3d 889, 891 (8th Cir. 2008) (finding such a balancing relevant to substantive reasonableness). Given English's recidivism and his lack of cooperation with probation, it was not an abuse of discretion to conclude that further supervised release would be pointless. We also have no trouble concluding that these factors, and English's continued use of opiates and cocaine when his original offense involved crack cocaine, make the imposed sentence substantively reasonable.

Accordingly, the judgment of the district court is affirmed.

_____