# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1745
_____

United States of America

*Plaintiff - Appellee*

v.

Jamal A. Holmes

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: September 18, 2012
Filed: October 10, 2012
[Unpublished]
_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Jamal A. Holmes pleaded guilty to a felon-in-possession offense, served a thirty-month prison sentence, and in November 2011 commenced a three-year period of supervised release. Less than four months later, his probation officer petitioned the district court to commence revocation proceedings, alleging that Holmes had violated numerous conditions of supervised release. At the revocation hearing,

Holmes admitted two Class C violations, testing positive for illegal drugs and failing to submit to drug tests. See U.S.S.G. § 7B1.1(a)(3). Holmes is in criminal history category III, so his advisory guidelines revocation sentencing range was 5-11 months in prison. See U.S.S.G. § 7B1.4(a). The district court[1] imposed the statutory maximum sentence, 24 months in prison, with no further supervised release. See 18 U.S.C. § 3583(e)(3). Holmes appeals, arguing that a sentence above the advisory range was substantively unreasonable. Concluding the district court did not abuse its sentencing discretion, we affirm.

The probation officer's petition alleged that Holmes had violated conditions of supervised release by testing positive for marijuana five times and for marijuana and cocaine once, by failing to appear for a seventh drug test, by failing to obtain employment, by failing to report to six meetings with the probation officer, and by failing to use job resources made available to him. When arrested two weeks later, Holmes was in possession of marijuana. The probation officer then filed an amended petition, adding this possession as a sixth violation. Prior to the revocation hearing, the Probation Office filed an Adjustment Report and Recommendation advising that the advisory guidelines range was 5-11 months in prison[2] and recommending that Holmes be sentenced to 24 months with no further supervision because he "has shown a pattern of noncompliance even prior to getting out of the Bureau of Prisons," he "communicated [to] United States Probation Officer Finigan that he did not want to be on supervision," and "[i]t is apparent that an additional term of custody is necessary before effective rehabilitation can occur."

At the hearing, the government urged the district court to impose the Probation Office's recommended sentence. Defense counsel urged that Holmes not be

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

[2]A prison term was mandatory. See 18 U.S.C. § 3583(g)(3), (4).

sentenced above the advisory range because these were Class C violations of supervision, not "some new, more serious crime." The district court revoked supervised release and accepted the Probation Office's sentencing recommendation, stating that it "read all of the material that's available to the Court regarding this matter" and explaining: "[H]e's remained unemployed, he's supposed to get a job. I . . . don't see where he's complied with any of the terms . . . or conditions of supervised release."

"We review a revocation sentence under the same 'reasonableness' standard that applies to initial sentencing proceedings." United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). When the judge presiding over revocation sentencing was the same judge who imposed the initial sentence, as in this case, our review is if anything more deferential because the court was familiar with the defendant's "history and characteristics." United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005). "We do not require a district court to mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release." United States v. Petreikis, 551 F.3d 822, 824-25 (8th Cir. 2009) (quotation omitted).

In this case, Holmes first argues the district court's failure to sentence him within the advisory guidelines range reflects a failure to consider the Sentencing Commission's Chapter 7 policy statement, a relevant sentencing factor under 18 U.S.C. § 3553(a). This argument is totally without merit. It is preposterous to suggest that an experienced district judge failed to *consider* the advisory guidelines merely because he accepted the contrary recommendation of the United States Probation Office, whose recommendation was based upon first-hand experience relevant to how the § 3553(a) sentencing factors should apply to this offender.

Holmes next argues that the district court "made a clear error of judgment" in balancing the § 3553(a) factors because Holmes was "primarily guilty of being a marijuana smoker and generally recalcitrant to supervision," offenses that "warrant

-3-

less than the maximum penalty." We have repeatedly affirmed statutory maximum revocation sentences that were substantially above the advisory guidelines range, for example, when a defendant's repeated violations and "horrible addiction" demonstrated a need for in-prison treatment, United States v. Larison, 432 F.3d 921, 923-24 (8th Cir. 2006); when the probation officer recommended a maximum sentence because defendant's numerous violations commenced at the outset of supervised release, Franklin, 397 F.3d at 606-07; and when repeated violations demonstrated that a maximum sentence was appropriate because further supervision would be "simply a waste of time," Merrival, 521 F.3d at 891. We cannot distinguish this case from our decisions in Franklin and Merrival. There was no abuse of the district court's substantial revocation sentencing discretion.

The Order of the district court dated March 9, 2012, is affirmed.

_____