# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3793

_____

United States of America

*Plaintiff - Appellee*

v.

Paul Anthony White

*Defendant - Appellant*

_____

No. 12-3795

_____

United States of America

*Plaintiff - Appellee*

v.

Paul Anthony White

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 23, 2013
Filed: November 4, 2013
[Unpublished]

_____

Before MURPHY, SHEPHERD, and MELLOY, Circuit Judges.
_____

PER CURIAM.

Paul White appeals from the judgment of the district court[1] imposing an 84 month sentence after the revocation of his supervised release. He argues that the district court abused its discretion at his revocation hearing when it admitted an oral summary of a witness' earlier testimony, that the court lacked the statutory authority to sentence him to 60 months on one of his underlying convictions, and that his sentence is substantively unreasonable. We affirm.

Paul White is a former Assistant United States Attorney who is over 70 years old. He has spent more than 18 years in prison, including over 10 years for conspiring to counterfeit checks in violation of 18 U.S.C. § 371 and conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. In October 2010 White began a 5 year period of supervised release on these convictions. Soon thereafter his probation office learned that he was doing legal work for prison inmates and warned him that such communications violated the terms of his supervised release.

In February 2012 the probation office received a tip that White was harboring known fugitive Christian Manning and that the two were counterfeiting documents at White's apartment. Officers searched the apartment and discovered Manning, in addition to surveillance equipment, computers, printers, and copies of checks, IDs, birth certificates, and other items indicating the production of counterfeit materials. They also found ammonium nitrate, muriatic acid, and a ventilated jar containing a two stage liquid consistent with the "one pot method" of producing

_____

[1] The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

methamphetamine. Both White and Manning were arrested and White's probation officer filed a violation report with the court.

At White's preliminary revocation hearing Manning testified that he was responsible for all of the incriminating items and that White had no knowledge of the alleged criminal activity because his eyesight was too poor to see any of the illegal items in the apartment. At White's final revocation hearing, however, Manning invoked his fifth amendment privilege against self incrimination and refused to testify. No transcript of his testimony was available, but White moved for a continuance so one could be prepared. In response the government stipulated to the content of Manning's testimony, and the parties agreed on an oral summary of that testimony. The district court accepted the summary, and it denied White's motion for a continuance.

Four witnesses testified for the government at the revocation hearing. White also took the stand on his own behalf. He admitted that he had violated the terms of his supervised release by allowing Manning to stay at his residence and by doing legal work for prisoners after his probation officer had warned him to stop. White also testified about his limited vision and denied any knowledge of the illegal counterfeiting and methamphetamine activities taking place at his apartment.

The district court found White's testimony about the counterfeiting and methamphetamine charges not credible, and concluded that he had either taken part in those activities or at a minimum had aided and abetted Manning in them. The court found White had violated four conditions of his supervised release by (1) attempting to manufacture methamphetamine, (2) counterfeiting, (3) associating with known felons, and (4) failing to follow his probation officer's instructions. The district court sentenced him to the 24 month statutory maximum on his underlying counterfeiting conviction and to the 60 month statutory maximum on his underlying methamphetamine conviction. The court explained that it had "great concern" that the violations "relate to criminal conduct that was the subject matter of the

convictions [for] which [he was] placed on supervision." It also expressed concern that White continued to violate the law at such an advanced age.

White first argues that the district court should have considered Manning's actual sworn testimony because the transcript "might well have added enough to the scales to . . . convince [the judge] that Mr. White's testimony was in fact credible." A revocation hearing is not a criminal trial, however, and the normal rules of evidence do not apply. United States v. Black Bear, 542 F.3d 249, 252, 255 (8th Cir. 2008). Under Fed. R. Crim. P. 32.1(b)(2)(C), White was entitled to "an opportunity to appear, present evidence, and question an adverse witness." We review a claim under this rule for abuse of discretion. United States v. Martin, 382 F.3d 840, 844 (8th Cir. 2004). Here White was not prevented from submitting evidence about Manning's exculpatory testimony or from questioning an "adverse" witness. When the transcript of Manning's testimony was not available, the court permitted the evidence to be presented through an oral summary. White was provided the opportunity to present his own summary of Manning's testimony, which the government did not dispute. We conclude that the court did not abuse its discretion by allowing the oral summary of Manning's uncontested testimony under the circumstances. Cf. id. at 846.

White argues for the first time on appeal that the district court lacked the statutory authority to sentence him to 60 months on his underlying methamphetamine conviction. He argues that the amount of methamphetamine attributed to him in his plea agreement (between 200 and 350 grams) only made out a class B felony, which should have led to a lower revocation sentence. Although the failure to calculate a sentencing range properly and a sentence based on incorrect facts are procedural errors, they are only reviewed for plain error when raised after sentencing. United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008). White was indicted on one charge of conspiracy to distribute methamphetamine in an amount of one kilogram or more, a class A felony. White pled guilty to a class A felony, and the court thus did not err in sentencing him to 60 months under 18 U.S.C. § 3583(e)(3).

White finally argues that because of his advanced age and health issues, his 84 month sentence "is for all intents and purposes a life sentence" and thus substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). The district court provided an adequate explanation for the sentence it imposed. See id. at 891. The sentencing court expressed concern that the violations of White's supervised release were related to the same criminal conduct as his underlying convictions and regret that someone of White's age had not yet "learned [his] lesson and decided that the best course of conduct is to be a law-abiding citizen." Given the number and seriousness of White's violations, we conclude that the district court did not abuse its discretion in imposing an 84 month sentence.

Accordingly, we affirm the judgment of the district court.

_____