# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2678

_____

United States of America

*Plaintiff - Appellee*

v.

Jason Robert Zeimes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 10, 2014
Filed: April 29, 2014
[Unpublished]

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jason Robert Zeimes violated his supervised release. The district court[1] sentenced him to 24 months' imprisonment, above the Guidelines range of 6-12

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

months. Zeimes appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In 2008, Zeimes was sentenced to 37 months' imprisonment and 5 years of supervised release for conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. In 2010, he was released from prison. The terms of his supervised release required submitting to drug testing, refraining from consuming excessive amounts of alcohol, filing a monthly report with his probation officer, and informing the officer if he left Minnesota. In 2011, he disappeared. Two years later, he surfaced in South Dakota when arrested for assault. He gave police a false name. His blood-alcohol level was 0.16. At his revocation hearing, he requested a within-Guidelines sentence, pointing to law-abiding behavior and employment as a construction worker. The district court imposed the statutory maximum of two years in prison, followed by a year of supervised release.

Zeimes attacks the sentence as unreasonable under 18 U.S.C. § 3553(a). The reasonableness of a revocation sentence is reviewed for abuse of discretion. *United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005) (listing factors). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). "Although the district court is required to consider certain factors set forth in § 3553(a) in a supervised-release-revocation sentencing, 'there is no requirement that the district court make specific findings relating to each of the factors considered.' . . . Evidence that the district court was aware of the relevant § 3553(a) factors required to be considered is sufficient." *United States v. Franklin*, 397 F.3d 604, 606-07 (8th Cir. 2005) (footnote omitted), *quoting United States v. Graves*, 914 F.2d 159, 160 (8th Cir. 1990).

Zeimes claims that "the district court gave undue weight to [his] absconding from supervision and insufficient weight to positive factors." He cites cases where the defendant received the statutory maximum after resuming the behavior for which he was originally convicted. *E.g.*, *United States v. Bear Robe*, 521 F.3d 909, 910 (8th Cir. 2008) (driving when intoxicated); *United States v. Baker*, 491 F.3d 421, 423 (8th Cir. 2007) (fraud). The district court was aware of the positive factors Zeimes highlights. But, it noted he missed drug tests before disappearing, his actions while unsupervised are unknown, and he was arrested with a high blood-alcohol level ("you weren't exactly picked up . . . stone cold sober working at a church"). The district court did not abuse its discretion by imposing the statutory maximum. *See United States v. Holmes*, 489 Fed. Appx. 977, 979 (8th Cir. 2012) (per curiam) (affirming an above-Guidelines, statutory-maximum revocation sentence of 24 months, when defendant had not returned to the behavior for which he was originally convicted, noting that this court has "repeatedly affirmed statutory maximum revocation sentences that were substantially above the advisory guidelines range"); *United States v. Perkins*, 526 F.3d 1107, 1110-11 (8th Cir. 2008) (affirming a statutory-maximum revocation sentence of 24 months, when defendant had not returned to the behavior for which he was originally convicted).

* * * * * * *

The judgment is affirmed.

_____