# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3731
_____

United States of America

*Plaintiff - Appellee*

v.

Ricky Lee Laughlin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 23, 2014
Filed: July 14, 2014
[Unpublished]

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ricky Laughlin appeals his sentence, challenging the district court's[1] decision to have the sentence run consecutive to a state sentence and to impose a period of supervised release. We affirm.

While on supervised release imposed pursuant to a prior federal conviction, Laughlin stole a grain hopper. During the state trial concerning the theft, Laughlin twice threatened a witness. Laughlin pleaded guilty to receiving stolen property for which he was sentenced to five years of incarceration. While the state charges were pending, Laughlin's federal probation officer filed a petition for revocation of Laughlin's supervised release. At the revocation hearing, Laughlin admitted to violating the terms of his supervised release. In calculating Laughlin's sentence, the district court referred to the pre-sentence investigation report, which detailed Laughlin's history of substance abuse. Based on Laughlin's category VI criminal history, the district court calculated a guidelines range of twenty-one to twenty-seven months of imprisonment under the United States Sentencing Guidelines Manual (U.S.S.G.). The district court imposed a sentence of twenty-seven months of imprisonment and twenty-one months of additional supervised release, to run consecutive to the state sentence.

Laughlin asked the district court to reconsider the supervised release and to run his sentence concurrent to the state sentence. The district court explained the sentence "would seem to address the sentencing objectives of just punishment, general deterrence and incapacitation" and denied Laughlin's request for reconsideration. The district court also noted the substance abuse treatment programs and additional resources available to Laughlin through supervised release. Laughlin now appeals his sentence arguing it is substantively unreasonable.

---

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

We review the substantive reasonableness of Laughlin's sentence for an abuse of discretion. United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). Here, we find none. Our review of the record indicates the district court properly considered the 18 U.S.C. § 3553(a) factors and imposed a within-guidelines sentence, which we presume to be reasonable. United States v. Rubashkin, 655 F.3d 849, 869 (8th Cir. 2011). In addition, the guidelines recommend consecutive sentences for incarceration terms imposed during revocation of supervised release. U.S.S.G. § 7B1.3(f). The district court did not abuse its discretion in choosing to impose the sentence consecutive to the state sentence.

Laughlin also challenges the imposition of a new period of supervised release. While Laughlin alleges a decade of sobriety, he has an otherwise extensive history of substance abuse. Given this history, and the district court's observations about the treatment programs available to Laughlin while on supervised release, the district court did not abuse its discretion in imposing a new period of supervised release. Cf. U.S.S.G. § 5D1.1 cmt. n.3(C) (recommending supervised release where substance abuser receives term of imprisonment).

The judgment of the district court is affirmed.

_____