# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2280

_____

United States of America

*Plaintiff - Appellee*

v.

Tut Gach Keuk

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: May 16, 2016
Filed: August 24, 2016
[Unpublished]

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

After serving a 12-month prison sentence for passing counterfeit currency at a South Dakota casino, Tut Gach Keuk began a three-year term of supervised release in May 2013. In 2014, he was arrested in Iowa, charged with "Cheating at a Gambling Game," and pleaded guilty to misdemeanor theft. When he failed to attend a meeting in February 2015, his probation officer moved to revoke supervised release,

alleging violations of numerous conditions of supervised release. At the revocation hearing, Keuk admitted to violating conditions by failing to report to his probation officer, failing to make restitution payments, and being convicted of cheating at a gambling game. The district court[1] revoked supervised release and imposed a revocation sentence of 14 months in prison followed by a year of supervised release. Keuk appeals, arguing his sentence is substantively unreasonable because the court did not adequately consider mitigating factors -- his "traumatic childhood" in the Sudan, "resulting addiction problems," and prior "success in a halfway house."

We review the reasonableness of a revocation sentence under a deferential abuse-of-discretion standard. United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). At the revocation hearing, the district court noted that Keuk had squandered "many opportunities," including a below-guidelines-range sentence on the counterfeiting charge. The court emphasized Keuk's repeated failure to maintain contact with his probation officer, return to criminal activity while on supervised release, and minimal payment toward the $400 he owed in restitution. The court carefully considered the mitigating factors urged by Keuk and his counsel but concluded, after weighing the 18 U.S.C. §§ 3553 and 3583 factors, that these aggravating factors warranted a sentence at the top of Keuk's advisory guidelines range of 8 to 14 months in prison. See U.S.S.G. § 7B1.4(a). After careful review of the record, we conclude the district court acted well within its broad sentencing discretion and imposed a sentence that is not substantively unreasonable. See Merrival, 521 F.3d at 890-91.

The judgment of the district court is affirmed.

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.