# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2311

_____

United States of America

*Plaintiff - Appellee*

v.

Gary Lee Christinson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 13, 2020
Filed: May 1, 2020
[Unpublished]

_____

Before BENTON, BEAM, and KOBES, Circuit Judges.

_____

PER CURIAM.

Gary Lee Christinson violated the conditions of his supervised release five times. As a result, the district court[1] revoked his supervised release and sentenced

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

him to 12 months and one day in prison, followed by an additional 60 months of supervised release. Christinson argues that his sentence is substantively unreasonable. We affirm.

In 2007, Christinson was sentenced to 180 months in prison followed by 60 months supervised release after he pleaded guilty to conspiracy to distribute methamphetamine. After four months of being on supervised release, Christinson had two reported violations: one for using marijuana and another for associating with a convicted felon. After discovering five more violations during a home visit, a probation officer petitioned the court to revoke Christinson's supervised release.

At the revocation hearing, Christinson admitted to violating his supervised release by: (1) using heroin and marijuana; (2) possessing marijuana during the home visit; (3) possessing and using Suboxone (used to mask drug use) without a prescription; (4) possessing and using drug paraphernalia; and (5) possessing and using synthetic urine three times to circumvent drug tests.[2] His counsel and the Government recommended that Christinson complete treatment at an inpatient drug treatment facility in lieu of returning to prison immediately. The court disagreed and sentenced him to 12 months and one day in prison.

Christinson timely appealed and only challenges the substantive reasonableness of his revocation sentence. We review the reasonableness of a revocation sentence in the same manner as an initial sentence and will reverse if the district court abused its discretion while weighing the 18 U.S.C. § 3553(a) factors. See United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008); United States v. Bear Robe, 521 F.3d 909, 910–11 (8th Cir. 2008). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives

_____

[2]Both parties agree these were Class C violations and the Government represents that Christinson's Guidelines range was 8 to 14 months in prison.

significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Jenkins, 758 F.3d 1046, 1050 (8th Cir. 2014) (citation omitted).

Christinson argues that the court abused its discretion when it disregarded the recommendations of all parties and summarily rejected his request for inpatient treatment. The record shows otherwise. The district court agreed with Christinson's need to receive treatment, but, guided by 18 U.S.C. § 3583(e) and the § 3553(a) factors, concluded that "a significant term of revocation [was] required in order to reflect the seriousness of these violations and to account for the seriousness of these violations." Sent. Tr. 17:6–8. The court observed that after his probation officer caught him using marijuana, rather than seek additional help, Christinson continued using drugs and sought to evade subsequent drug tests. The court was also skeptical that additional treatment would work because Christinson had failed to take advantage of the outpatient drug treatment afforded to him while on supervised release. Even though the court sentenced Christinson to 12 months and one day in prison, it accounted for his treatment needs and required him to complete a new substance abuse and mental health evaluation within 30 days of his release from custody. If treatment is recommended then, Christinson will be required to attend. On this record, we find no abuse of discretion occurred and affirm Christinson's sentence.

_____