United States Court of Appeals

For the Eighth Circuit

_____

No. 20-2863
_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy Saul

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Western
_____

Submitted: September 20, 2021
Filed: November 8, 2021
[Unpublished]
_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.
_____

PER CURIAM.

Jeremy Saul pleaded guilty to a felon-in-possession charge and served a 51-month prison sentence. He began a two-year term of supervised release on May 1, 2020. On June 29, his probation officer petitioned the district court to revoke supervised release after numerous unsuccessful attempts to contact Saul when he stopped reporting to the probation officer. On July 28, after Saul's arrest, the

probation officer filed a supplemental and substituted petition to revoke alleging six Grade C violations of supervised release conditions.

Saul pleaded guilty to two of the six violations, failure to report (Violation 1) and travel without permission (Violation 6), both standard conditions of supervised release. See USSG § 5D1.3(c)(2), (3). Saul admitted the petition's factual allegations substantiating those violations. The other charges were dismissed. The two Grade C violations, coupled with Saul's Category VI criminal history, resulted in an advisory guidelines revocation sentencing range of 8-14 months imprisonment. See USSG § 7B1.4(a). The district court[1] revoked supervised release and imposed an eight-month sentence with one year of supervised release. On appeal, Saul argues the court improperly relied on facts from a dismissed charge and imposed a substantively unreasonable sentence. We affirm.

At the revocation hearing, the district court granted the government's motion to withdraw charged violations 2-5 and twice stated it was not considering those charges. In arguing for a time-served revocation sentence, defense counsel referred to Violation 6: "after . . . his probation officer . . . indicated . . . there was a warrant, he thought, well . . . I'm going to jail; I'm going to show my kid a good time at Adventureland before that happens." In explaining the eight-month sentence, the district court stated, "the petition [for revocation] says that Mr. Saul's girlfriend reported that he was living at a residence in Altoona. This wasn't a one-day joyride to Adventureland."

On appeal, Saul first argues his sentence was based in part on an improper factor, citing the district court's reference to Saul's failure to notify his probation officer of a change in residence to Altoona, Iowa, which was withdrawn Violation 2.

---

[1]The Honorable Leonard T. Strand, Chief Judge of the United States District Court for the Northern District of Iowa

This argument is without merit. First, Saul made no objection at the revocation hearing, so we review the issue for plain error. See United States v. Mendoza, 782 F.3d 1046, 1048 (8th Cir. 2015). Second, the reference to the petition's allegation that Saul was living in Altoona -- an allegation he admitted in pleading guilty to Violation 6, travel without permission -- was solely a rebuttal to Saul's asserted justification for the violation. The hearing transcript makes clear the court imposed an eight-month prison sentence because of Saul's criminal history, multiple previous probation violations, and the timing of the current violations. Third, sentencing courts can properly rely on dismissed charges when fashioning a sentence if the government proves the underlying conduct by a preponderance of the evidence. See United States v. Brave Bull, 828 F.3d 735, 739 (8th Cir. 2016).

Saul further argues the eight-month sentence was substantively unreasonable. In addition to admitting and apologizing for his violations, Saul explained that the failure to report violation was due to a misunderstanding with his parole officer after he was diagnosed with COVID-19 in May. He justified his travel without permission as an attempt to give his daughter a positive experience and noted the positive steps he has taken to productively reenter society -- completing programs in prison, finding a job upon release, and enrolling in an HVAC training program. Framing his violations as misunderstandings and "selfish and stupid" mistakes rather than attempts to "thumb[] his nose at the system," Saul argues an eight-month sentence was greater than necessary under the 18 U.S.C. § 3553(a) sentencing factors.

A revocation of supervised release is reviewed under the same "deferential abuse-of-discretion standard" as applies to an initial sentence. United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011) (citation omitted). Saul's eight-month sentence at the bottom end of his guidelines-range is presumptively reasonable. United States v. Dunn, 928 F.3d 688, 694 (8th Cir. 2019). The same judge presided over his revocation and initial sentence and was fully aware of his background and character. See United States v. Holmes, 489 F. App'x 977, 979 (8th Cir. 2012). The

district court noted its obligation to consider the § 3553(a) factors and provided Saul and defense counsel ample opportunity to argue for a below-guidelines sentence, but determined that an eight-month sentence was appropriate given his extensive criminal history, two similar violations during previous paroles, and the fact that these violations began only a month after his release from prison. The district court did not abuse its substantial revocation sentencing discretion.

The judgment of the district court dated August 31, 2020, is affirmed.

_____