# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3624

_____

United States of America,

*Plaintiff - Appellee,*

v.

Nicole Marie Gorsline,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: September 19, 2022
Filed: November 9, 2022
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Nicole Gorsline challenges the reasonableness of a sentence of twenty-four months' imprisonment imposed by the district court[*] after Gorsline violated the terms

_____

[*]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

of her supervised release. We conclude that the district court did not abuse its discretion, and therefore affirm the judgment.

Gorsline entered the federal criminal justice system when she was convicted of conspiracy to manufacture methamphetamine and sentenced to 120 months' imprisonment in 2005. She commenced a term of ninety-six months of supervised release in 2013, and the court twice revoked her release before the instant occasion—once for sexual misconduct in a residential reentry center and once after she was arrested for forgery. The court imposed a four-month prison term for the first violation. The latter revocation, in 2018, resulted in a prison sentence of a year and a day, plus thirty-six months of supervised release. The court also modified the conditions of release in 2017 to require drug treatment after Gorsline tested positive for the use of methamphetamine.

This appeal arises from a third revocation in November 2021 for twelve violations of conditions of release: (1) associating with an individual engaged in criminal activity, (2) frequenting a place where controlled substances are illegally used, (3) failing to support her dependents and meet other family responsibilities, (4) failure to comply with substance abuse testing, (5) failure to comply with substance abuse treatment, (6) obstructing police by providing false information during a traffic stop, (7) leaving the district without permission, (8) commission of felony forgery, (9) commission of aggravated misdemeanor theft, (10) associating with another individual engaged in criminal activity, (11) associating with a person convicted of a felony, and (12) failing to support her dependents and meet other family responsibilities on a second occasion.

The violations arose from several incidents. In May 2021, probation officers found methamphetamine and marijuana in Gorsline's residence. A methamphetamine pipe was in plain view on a coffee table; Gorsline's seven-year-old son was holding a syringe with suspected methamphetamine. Gorsline's husband claimed that all of

the contraband belonged to him, but the district court found that Gorsline knew about the drugs. During May and June 2021, Gorsline thrice failed to report for drug testing or drug treatment as required by her conditions. Later in June, police in Illinois stopped a vehicle in which Gorsline was a passenger. Gorsline obstructed the officers by providing a false name. Also in June 2021, Gorsline's two children tested positive for the presence of amphetamine and methamphetamine in their hair. In September 2021, Gorsline pleaded guilty to theft in Iowa state court. In exchange for the plea, the State dismissed four counts of forgery that were filed based on Gorsline's passing of forged checks in April 2021.

The district court determined an advisory guideline range of twelve to eighteen months' imprisonment. But after considering the factors in 18 U.S.C. § 3553(a), the court elected to vary upward from the range to a term of twenty-four months' imprisonment, and to forego additional supervised release. The court cited the number and seriousness of the violations, the length of time over which the violations occurred, the defendant's dangerousness to the community, and the need for deterrence. The court explained that as a result of prior violations, the court had modified conditions and provided resources and assistance to Gorsline, but that her recent conduct manifested a "rejection of all of the tools that have been provided to the defendant." The court remarked that the positive drug test results for Gorsline's children, in particular, "demonstrates an ongoing dangerous situation despite the resources, despite the opportunities, and despite the efforts of the Court and the probation office to assist." We review the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings. *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008); *see Gall v. United States*, 552 U.S. 38, 51 (2007).

Gorsline argues that the advisory guideline range was sufficient punishment under the circumstances, and that the district court's upward variance was an abuse of discretion. She maintains that the court failed to make an individualized

assessment based on the facts presented, and unduly emphasized Gorsline's "recent relapse" without giving sufficient weight to the previous two years of successful performance on supervised release.

We conclude that there was no abuse of discretion. The district court acknowledged that Gorsline had "done well for two years," but properly gave individualized consideration to Gorsline's history and the series of violations that she committed over several months during 2021. The recent violations involved both financial crimes and drug abuse, and Gorsline's conduct endangered not only the community at large, but her own children. The court properly considered that Gorsline continued to commit violations despite assistance provided to her after previous modifications and revocations of supervised release, and it was reasonable to conclude that a firm sanction of twenty-four months' imprisonment was necessary to satisfy the purposes of sentencing.

The judgment of the district court is affirmed.

_____