# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3927

_____

United States of America,

        Appellee,

v.

Robert L. Baker,

        Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Western District of Missouri.

_____

Submitted: June 13, 2007
Filed: June 20, 2007

_____

Before BYE, RILEY, and BENTON, Circuit Judges.

_____

RILEY, Circuit Judge.

Robert L. Baker (Baker) appeals the district court's[1] sentence of 48-months' imprisonment upon revocation of Baker's supervised release. We affirm.

On October 10, 2001, Baker pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343 (a Class D felony), and one count of money laundering, in violation of 18 U.S.C. § 1957 (a Class C felony). The district court sentenced Baker to 35 months' imprisonment and 3 years' supervised release on each count, to be

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

served concurrently. The district court also ordered Baker to pay $346,584 in restitution.

In November 2006, while serving his term of supervised release, Baker was arrested for violating conditions of his supervised release. The violations included defrauding a vulnerable woman of her jewelry, passing bad checks, stealing $200 donated to a church ministry, and misrepresenting and forging documents submitted to the United States Probation Office. At Baker's revocation hearing, the district court found Baker guilty of violating the conditions of his supervised release. In determining Baker's sentence, the district court recognized the suggested United States Sentencing Guidelines range of four to ten months, see U.S.S.G. § 7B1.4(a), but exercised her discretion to sentence Baker outside of that range "to the statutory maximum that I am permitted by law." The district court explained Baker (1) "continued to engage in fraudulent and illegal behavior of a similar kind," (2) "still posed a risk [to society]–even though [he received] the maximum sentence under the guidelines," and (3) "is incorrigible." The district court concluded, "I see no expectation that [Baker] will change his behavior, and I have no doubt if he gets out in four years he will continue to engage in this kind of behavior." The district court sentenced Baker to 24 months' imprisonment on both counts of conviction, to be served consecutively, without a term of supervised release, for a total of 48 months' imprisonment. The district court also ordered Baker to pay the remaining restitution balance of $344,262, and delegated to both the government and to Baker the responsibility of determining payment credits and the outstanding restitution balance.

Baker now challenges his sentence, arguing Federal Rule of Criminal Procedure 32(h) required the district court to provide notice of its intention to "depart" upward from the four to ten months range suggested by U.S.S.G. § 7B1.4(a). Baker also contends his sentence is unreasonable and the district court improperly delegated to the government the district court's duty of determining the amount of restitution.

"'When there is no applicable sentencing guideline, as in the case of a revocation sentence, we review to determine whether the sentence was plainly unreasonable. A district court's decision to sentence a defendant to a longer term than suggested by Chapter 7 is reviewed for abuse of discretion.'" United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005) (internal citation omitted) (quoting United States v. White Face, 383 F.3d 733, 737 (8th Cir. 2004)).

Baker's notice argument fails because we previously have concluded a district court's decision to exceed "the suggested range in the policy statements of Chapter 7 has not been considered to be an upward departure from the guidelines." Id. Thus, the notice requirement under Rule 32 does not apply. See also United States v. Egenberger, 424 F.3d 803, 805-06 (8th Cir. 2005).[2]

Additionally, we find the district court did not abuse its discretion in sentencing Baker to two consecutive 24-month terms of imprisonment. The sentences were within statutory limits, see 18 U.S.C. § 3583(e)(3), and the sentences were based upon the district court's consideration of relevant factors under 18 U.S.C. § 3553(a), see United States v. Tyson, 413 F.3d 824, 825-26 (8th Cir. 2005) (per curiam) (concluding the district court properly considered the defendant's history on probation in imposing a sentence in excess of the suggested Guidelines range for revocation of probation, and thus the sentence was not unreasonable); United States v. Franklin, 397 F.3d 604, 606-07 (8th Cir. 2005) (concluding the district court did not abuse its discretion by imposing a sentence above the suggested Guidelines range because the district court was aware of (1) the relevant § 3553(a) factors, (2) the defendant's numerous and repeated violations of his conditions of supervised release, (3) the suggested range under Chapter 7 of the Guidelines, and (4) the statutory maximum sentence). Nor did

---

[2]Because we conclude the district court was not required to provide notice of its decision to exceed the suggested Guidelines range in Chapter 7, we need not address the government's contention Baker failed to preserve the notice issue for appeal.

the district court abuse its discretion by ordering the terms to be served consecutively. See United States v. Cotroneo, 89 F.3d 510, 513 (8th Cir. 1996) (concluding the district court had the discretionary authority, pursuant to 18 U.S.C. § 3584, to sentence the defendant to consecutive terms of imprisonment after revoking the defendant's concurrent terms of supervised release).

Finally, we need not decide whether the district court erred in delegating the government the task of determining Baker's restitution credit because any error was harmless. After sentencing, the government identified Baker's uncredited payments, recalculated Baker's outstanding restitution balance, and notified Baker's attorney of the adjusted balance. Thus, Baker suffered no prejudice as a result of the district court's restitution order, and remand for resentencing is unnecessary. See United States v. Idriss, 436 F.3d 946, 951 (8th Cir. 2006) (holding remand for resentencing is inappropriate when the error is harmless).

For the reasons stated, we affirm Baker's sentence.

_____