# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-3732

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Edward Sistrunk, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: November 17, 2009
Filed: July 16, 2010

———————

Before RILEY,[1] Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

———————

SHEPHERD, Circuit Judge.

For a second time, the district court[2] has revoked Edward Sistrunk's supervised release. On this occasion, the district court found that Sistrunk violated the terms of his supervised release when, on three instances, he applied for, and received, Minnesota identification cards using other persons' names and Social Security

---

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

[2]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

numbers. The district court imposed a sentence of 15 months imprisonment. Sistrunk appeals the revocation and the sentence imposed. We affirm.

I.

In its petition for revocation, the government alleged that Sistrunk applied for, and was issued, three Minnesota identification cards under the names: "Michael Gellar," "David Metzger," and "Thomas Anzur." The petition also claimed that Sistrunk applied for a credit card under the David Metzger name. Although the petition stated these incidents violated the mandatory condition of Sistrunk's release that he not commit another federal, state, or local crime, the petition did not specify which law Sistrunk's actions violated.

The district court conducted a revocation hearing on October 15, 2008. At this hearing, Sistrunk's probation officer Richard Hermes and Postal Inspector Troy Sabby testified. Officer Hermes testified that he knew Sistrunk's address and had visited Sistrunk at his residence. Officer Hermes stated he received information that Sistrunk was being investigated by the postal service for fraudulent behavior. In response, Officer Hermes accessed the Minnesota Department of Public Safety website and was able to secure a copy of a Minnesota identification card with Sistrunk's address and photo, but which bore the name Michael Gellar. Subsequently, Officer Hermes discovered Sistrunk had received other Minnesota identification cards in the names of David Metzger and Thomas Anzur. As with the Michael Gellar identification card, these cards also bore Sistrunk's picture and address. Officer Hermes testified that, with each application for a Minnesota identification card, Sistrunk submitted a falsified birth certificate and Social Security card.

Inspector Sabby testified Discover Card officials notified him of a suspected fraudulent application for a credit card made in the name of David Metzger. Upon further investigation, Inspector Sabby discovered that the address used by David

Metzger was the same as that listed for Sistrunk. Inspector Sabby learned that Sistrunk had also received a Minnesota identification card in the name of Michael Gellar. When Inspector Sabby made contact with the actual Michael Gellar, he learned that Gellar had moved from Minnesota to Chicago, Illinois. Upon Inspector Sabby's request, the Social Security Administration confirmed that the Social Security number used by Sistrunk matched Gellar's actual Social Security number.

The district court found that the government met its burden of proving Sistrunk used his personal address but others' names to fraudulently obtain three Minnesota identification cards. Sistrunk moved to dismiss his revocation petition on the basis that the government had failed to cite any specific laws that had been violated, and thus, the revocation petition violated Sistrunk's due process rights. The district court denied the claim, however the court continued the hearing to allow the government an opportunity to submit a letter to the court and to Sistrunk specifying which laws were violated.

The district court reconvened the hearing on October 22. At that time, the government argued that Sistrunk violated 42 U.S.C. § 408(a)(7), (8) (illegal use of a Social Security number) and Minnesota Statutes §§ 609.527 (identity theft), 609.821 (financial transaction card fraud), and 171.22 (unlawful acts relating to driver's license). The district court again found that the government had proven Sistrunk fraudulently obtained the Minnesota identification cards, that his actions violated at least Minnesota Statute § 609.527 and likely the other statutes cited by the government, and that the petition had not violated Sistrunk's due process rights. The court imposed a revocation sentence of 15 months imprisonment.

## II.

On appeal, Sistrunk argues that his due process rights were infringed upon and requirements of the Federal Rule of Criminal Procedure 32.1 were not met when the government accused Sistrunk of violating a condition of his supervised release but failed to give notice of the specific crime Sistrunk allegedly committed until after it had presented its evidence at the revocation hearing. Sistrunk further claims that the evidence presented by the government was insufficient to prove that he had violated a federal or state criminal statute.

"We review the district court's decision to revoke supervised release for an abuse of discretion." United States v. Ahlemeier, 391 F.3d 915, 919 (8th Cir. 2004). "If the government proves by a preponderance of the evidence that the defendant violated a condition of supervised release, the district court has the discretion to revoke supervised release." Id. "[T]he court's subsidiary factfinding as to whether or not a violation occurred is reviewed for clear error." United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003) (quotation omitted). "Under clear error review, we may reverse only if we have a definite and firm conviction that the District Court was mistaken." United States v. Willis, 433 F.3d 634, 636 (8th Cir. 2006) (quotation omitted).

## A.

When a person is charged with violating a condition of supervised release, he is entitled to minimal due process rights prior to revocation of supervised release. See Morrissey v. Brewer, 408 U.S. 471, 480-82 (1972) (parole revocation); see also Gagnon v. Scarpelli, 411 U.S. 778, 781-82 (1973) (probation revocation). Among these minimal rights is the right to "written notice of the alleged violation." Fed. R. Crim. P. 32.1(b)(2)(A).

Relying on the Ninth Circuit's case of United States v. Havier, 155 F.3d 1090 (9th Cir. 1998), Sistrunk argues that, at a minimum, he was "entitled to receive notice of the specific statute he [was] charged with violating." Id. at 1093. In Havier, the defendant was similarly charged with violating the standard condition of his supervised release that he "not commit another federal, state, or local crime." Id. at 1092. The government's petition referenced Havier's arrest for an unspecified offense "with the element of eminent [sic] life-threatening danger to law enforcement personnel." Id. The Ninth Circuit explained that this notice was insufficient because, as the district court had speculated, there were several Arizona statutes that could have been alleged in the revocation petition "including felon in possession of a firearm, assault on a police officer, and reckless display of a weapon." Id. at 1093. The Ninth Circuit noted that the district court eventually found the evidence did not support an aggravated assault on a police officer charge but did support a violation of disorderly conduct with a deadly weapon. Id. Recognizing this confusion, the Ninth Circuit held that Havier should not be required to predict the statute upon which the government and district court would settle or to defend against every conceivable charge. Id.

The Ninth Circuit further explained that the absence of notice had caused prejudice to Havier. Id. at 1094. In defending against the revocation petition, Havier emphasized through cross-examination of witnesses that his conduct had not constituted a danger to police officers. Id. Havier adopted this defense strategy to challenge the revocation petition's claim that his actions were a "life-threatening danger to law enforcement personnel." Id. Havier asserted that, had he received notice of the disorderly conduct with a deadly weapon charge as the basis of his revocation petition, he would have "followed a different strategy," choosing instead to "testif[y] about his mental state, including his confusion, intoxication, and fright since intent to disturb the peace is an element of the crime." Id. Based on the defense strategy presented by Havier and the shift in strategy he would have employed had he been put on notice of the disorderly conduct charge, the Ninth Circuit held that failure

to provide the adequate notice caused prejudice and, therefore, could not be considered harmless error.  Id.

We have not addressed the question of what specific information is required in the notice.  While citation to the alleged statutory violation would have been beneficial and is likely the better practice, we hold that it is not a requirement. Morrissey and Rule 32.1 require that the defendant receive effective notice of the alleged violation to meet due process mandates.  See Fed. R. Crim. P. 32.1; Morrissey, 408 U.S. at 486-87.  For notice to be effective, it need only assure that the defendant understands the nature of the alleged violation.  Here, the petition for revocation of supervised release provides extensive factual allegations that were sufficient to put Sistrunk on notice that he would have to defend against crimes of fraudulently obtaining state identification cards and a credit card.

Furthermore, Sistrunk has failed to show how the lack of citation to a specific statute harmed his ability to defend against the alleged violations.  Unlike the defendant in Havier, Sistrunk has not described any specific prejudice he suffered by the failure of the government to delineate the statutory violation in the petition. Havier, 155 F.3d at 1094.  At oral argument, Sistrunk's counsel claimed that he could have more vigorously cross-examined the government's witnesses, however counsel could not clarify any further to the Court what he would have asked had he known which specific statute the government was claiming Sistrunk had violated. Furthermore, after the government specified the statutes, Sistrunk did not seek to reopen the revocation hearing to introduce further evidence or to question the government's witnesses further.  Thus, even if we were to find that the notice was ineffective, under the Ninth Circuit's holding in Havier, we would still affirm, holding that failure to be harmless error because Sistrunk did not suffer prejudice.  See United States v. Baker, 491 F.3d 421, 424 (8th Cir. 2007) (refusing to remand revocation sentence where district court committed harmless error); United States v. Idriss, 436

F.3d 946, 951 (8th Cir. 2006) (holding remand for resentencing is inappropriate where defendant did not suffer prejudice because the error is harmless).

## B.

In his second claim on appeal, Sistrunk argues the government failed to present sufficient evidence to establish a violation of any of the three criminal laws cited by the government. The district court specifically held the evidence was clear and convincing that Sistrunk violated Minnesota Statute § 609.527, subdivision 2, and likely violated other state and federal statutes, including 42 U.S.C. § 408(a)(7) and Minnesota Statute § 171.22. Because we find no error with the district court's determination that Sistrunk violated Minnesota Statute § 609.527, subdivision 2, it is unnecessary for us to review whether he violated any of the other statutes at issue.

Section 609.527 is violated when a person "transfers, possesses, or uses an identity that is not the person's own, with the intent to commit, aid, or abet any unlawful activity." Minn. Stat. § 609.527, subd. 2. The district court found, based on the evidence and testimony presented by the government, including the testimony of Officer Hermes and Inspector Sabby, that Sistrunk applied for three Minnesota state identification cards using the names and Social Security numbers of other people. Sistrunk received the cards, which bore others' names but Sistrunk's picture and address. The district court found that Sistrunk used the identity of others to unlawfully obtain fraudulent Minnesota identification cards. The district court did not clearly err in finding Sistrunk's actions violated a state law, see Carothers, 337 F.3d at 1019, and, thus, violated a condition of his supervised release. Therefore, the district court did not abuse its discretion in revoking Sistrunk's supervised release. See Ahlemeier, 391 F.3d at 919.

## III.

Accordingly, we affirm the revocation of supervised release and sentence imposed.

_____