# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-8013

_____

United States of America,

*Plaintiff - Appellee,*

v.

John Doe,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: December 10, 2012
Filed: June 19, 2013
[Unpublished]

_____

Before LOKEN, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

John Doe appeals a judgment of the district court[1] sentencing him to 48 months' imprisonment upon revocation of his supervised release. Doe argues that the

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

district court did not adequately consider the relevant factors under 18 U.S.C. § 3553(a) and that his sentence is substantively unreasonable. We affirm.

In August 2003, Doe pleaded guilty to conspiracy to manufacture 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 846. The district court sentenced Doe to 168 months' imprisonment, followed by five years of supervised release. In 2010, the court reduced Doe's sentence to 84 months, followed by five years of supervised release.

After Doe was released from prison in October 2010, he tested positive for drug use and was arrested in a public restroom in possession of a controlled substance. In May 2011, the court revoked Doe's supervised release, sentenced him to time served, and imposed a new four-year term of supervised release.

On August 8, 2011, Doe again tested positive for methamphetamine and admitted to using a controlled substance. In September 2011, Doe was arrested for possession of methamphetamine. A search of Doe's wallet revealed two credit or debit cards that did not belong to him. Days later, Doe pleaded guilty to theft by unlawful taking of property valued at $200 or less, which he obtained by burgling a vehicle. The government petitioned to revoke his supervised release. Pending a final revocation hearing, the court released Doe for treatment at an in-patient substance abuse treatment center in Omaha, Nebraska. Doe absconded from the treatment center, and eventually turned himself in to local law enforcement more than a month later in Hall County, Nebraska.

At a revocation hearing thereafter, the district court concluded that Doe had committed a "Grade C" violation of his conditions of supervised release by failing to participate in drug treatment as required, *see* USSG § 7B1.1(a)(3), calculated a criminal history category of VI, and correctly determined the applicable advisory guidelines range to be 8 to 14 months' imprisonment. *See* USSG § 7B1.4(a). The

court considered Doe's arguments and commended him for turning himself in after leaving the treatment facility without permission. But it concluded that the reduction of Doe's sentence in 2010 ultimately had proved to be "a disservice to him," because it led to his release from prison before he was "ready to get out" and become "clean and sober and law-abiding." The court observed that Doe "could receive a sentence of up to 60 months" upon revocation, pursuant to 18 U.S.C. § 3583(e)(3). Rather than "imposing a sentence that is the most severe that could be imposed," however, the district court sentenced Doe to serve a term of 48 months' imprisonment, without supervised release to follow, and recommended that he participate in a drug treatment program while imprisoned.

On appeal, Doe asserts that the district court abused its discretion by varying upward from the advisory sentencing range. He argues that by sentencing him to a period of imprisonment longer than the term recommended by the guidelines for a more severe, "Grade A" violation, the district court impermissibly ignored the Sentencing Commission's implicit conclusion that "Grade C" violations are "not the type of violations which warrant a sentence like the one imposed" in his case. Doe contends that he is "primarily guilty of being a methamphetamine addict and generally recalcitrant to treatment for his addiction," which "must warrant a lesser penalty" than what he received. He claims that the district court improperly weighed the factors to be considered in revoking a term of supervised release and arrived at a sentence that "goes beyond all established norms."

We conclude that the district court did not abuse its discretion. A district court may impose a revocation sentence outside of the range suggested by the policy statements if such a sentence is reasonable under the circumstances. *United States v. Jasper*, 338 F.3d 865, 867 (8th Cir. 2003). It is not unreasonable for a district court presented with an incorrigible defendant to impose a lengthy sentence and then discharge the defendant from supervision. *See, e.g.*, *United States v. Baker*, 491 F.3d 421, 424 (8th Cir. 2007).

Here, the court reasonably applied the relevant sentencing factors in arriving at the sentence imposed. The court had presided over Doe's criminal case and was familiar with his history and characteristics. At the revocation hearing, the district court remarked appreciatively that Doe voluntarily turned himself in, expressed its belief that Doe had in the past "had some potential" to correct his behavior, and commented that Doe may "still have the opportunity to get on the right track." But it also observed that despite receiving a "number of opportunities" to address his addiction, Doe committed several new drug and property crimes, resisted participation in rehabilitative programs "made available to him repeatedly," and fled the in-patient treatment facility. The district court justifiably concluded that Doe's recidivism suggested that he did "not appear amenable to supervision." Doe's sentence, which was below the statutory maximum, was firm but not unreasonable.

The judgment of the district court is affirmed.

_____