# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-2976

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Robert L. White, also known as B-Bop LNU, also known as BeeBop LNU,

*Defendant - Appellant.*

————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

————————

Submitted: April 23, 2014
Filed: May 16, 2014
[Unpublished]

————————

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

————————

PER CURIAM.

Robert White directly appeals the district court's[1] revocation of his supervised release. His counsel has filed a brief, arguing (1) the government failed to prove a

———————————————

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

supervised-release violation had occurred, (2) the government withheld material information prior to the revocation hearing, and (3) the revocation hearing was unnecessarily delayed. His counsel has also moved for leave to withdraw.

Upon careful review, we first conclude that the district court did not clearly err in finding that White had violated the conditions of his supervised release. See 18 U.S.C. § 3583(e)(3) (court may revoke supervised release if it finds by preponderance of evidence that defendant violated conditions of supervised release); United States v. Perkins, 526 F.3d 1107, 1109 (8th Cir. 2008) (district court's factfinding as to whether violation occurred is reviewed for clear error). Next, we conclude that White received the information to which he was entitled. See Fed. R. Crim. P. 32.1(b)(2) (defendant is entitled to written notice of alleged violation and disclosure of evidence against him); United States v. Sistrunk, 612 F.3d 988, 992 (8th Cir. 2010) (for revocation notice to be effective it need only assure that defendant understands nature of alleged violation); United States v. Ahlemeier, 391 F.3d 915, 921 (8th Cir. 2004) (Rule 32.1(b)(2) does not require disclosure of witness list but rather disclosure of evidence upon which government relies to support violation). Finally, we conclude that White's revocation hearing was held within a reasonable time and was not unnecessarily delayed. See Fed. R. Crim. P. 32.1(b)(2) (court must hold revocation hearing within reasonable time).

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing White about procedures for seeking rehearing or filing a petition for certiorari.

_____