NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1607
_____

UNITED STATES OF AMERICA

v.

JIMMY DAVIS,
                    Appellant

_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Criminal No. 1-10-cr-00011-001)
District Judge: Honorable Wilma A. Lewis
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 14, 2017

Before: SMITH, *Chief Judge*, MCKEE, and SCIRICA, *Circuit Judges*

(Filed: September 10, 2018)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

The District Court sentenced Jimmy Davis to eight months' imprisonment for violating the conditions of his supervised release. Davis now appeals, arguing he was denied due process and that the District Court erred by finding sufficient evidence he committed another crime—disturbance of the peace by threats—in violation of his conditions of supervised release. We hold Davis was accorded all process due to him and that the District Court did not commit clear error when it found, by a preponderance of the evidence, Davis committed a disturbance of the peace by threats. We will therefore affirm.

I.[1]

On August 2, 2010, Davis pled guilty to one count of being a felon in possession of ammunition and one count of being a felon in possession of a firearm, both in violation of 18 U.S.C. § 922(g)(1). [App. 7a]. He was sentenced to 33 months' incarceration and three years of supervised release, which began on November 8, 2013. [App. 7b-c]. Davis's supervised release conditions prohibited him from, among other things, committing another federal, state, or local crime. [App. 7c].

While on supervised release, Davis was arrested by the Virgin Islands Police Department on a warrant charging unlawful sexual contact in the first degree, 14 V.I.C. § 1708, and disturbance of the peace by threats, 14 V.I.C. § 622. [App. 454]. The Office of Probation issued a memorandum on August 10, 2015, informing the District

---

[1] We write for the parties and set forth only those facts necessary to our disposition.

2

Court of the arrest and alleging Davis had violated the conditions of his supervised release. [*Id.*]. Though the memorandum described the arrest warrant, it did not specify that the condition alleged to have been violated was that Davis not commit another crime. Following the Probation Office's memorandum, the District Court signed an arrest warrant for Davis for violating the conditions of his supervised release, which was executed by the United States Marshals Service on February 10, 2016. [App. 41].

At Davis's revocation hearing, the Government presented the testimony of Probation Officer Dudley Fabio, the complainant, JD (a minor female between the ages of 13 and 16), and Virgin Islands Police Department Officer Gregory Charlery Joseph. Davis cross-examined each of the Government's witnesses and presented two witnesses of his own.[2] Crediting JD's testimony, the District Court found that while in his car, Davis made sexual advances toward JD, touching her thighs and chest area.[3] [App. 122]. When she refused these advances, Davis became agitated, yelled at her, after which Davis parked his car and showed her a picture of his penis. [App. 122; 126]. Davis then told JD he would "deal with [her] mother, [her] father, and he was going to leave [her] brother for last" if she told anyone about what he had shown her. App. 126. After the incident, Davis brought JD to his job site and, while he told her not to leave, she "panicked" and left

---

[2] Prior to the conclusion of the revocation hearing, Davis also filed a motion to dismiss the proceedings alleging the Government had failed to provide sufficient written notice of the alleged violation of the conditions of supervised release.

[3] Davis does not contest these findings and only argues they are insufficient to support the District Court's conclusion he committed a disturbance of the peace.

because she knew Davis had a criminal record, he had "disrespected" and "violated her," and she was scared. App. 127.

Based on these factual findings, the District Court found sufficient evidence Davis had committed a disturbance of the peace by threats, but insufficient evidence of unlawful sexual contact in the first degree. [*See* App. 388-391]. The District Court also found that the probation memorandum (which Davis received prior to the commencement of the revocation hearing) provided Davis sufficient written notice of the disturbance of the peace charge. [App. 391]. For violating local laws, and thus the terms of his supervised release, the District Court sentenced Davis to eight months' imprisonment followed by twenty-eight months' supervised release. [App. 395-406].

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612, and we have jurisdiction under 28 U.S.C. § 1291. Our review of Davis's due process claim is plenary. *See United States v. Barnhart*, 980 F.2d 219, 222 (3d Cir. 1992). We review the District Court's revocation of Davis's supervised release for abuse of discretion. *See United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008). Factual findings in support of the decision are reviewed for clear error, however, and questions of law are reviewed de novo. *Id.*

## III.

### A.

We first consider Davis's contention that he was denied due process at his revocation hearing. Davis argues the Government provided insufficient written notice of

4

the alleged violations of his conditions of supervised release because the probation memorandum he received before the revocation began did not identify the specific condition of release he had violated. This argument stretches the minimum requirements of due process articulated in our case law and Federal Rule of Criminal Procedure 32.1. Accordingly, we will affirm the District Court's denial of Davis's motion to dismiss the revocation proceedings.

Hearings to revoke supervised release, like hearings to revoke parole, are not criminal prosecutions. *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972); *United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008); *United States v. Tippens*, 39 F.3d 88, 89 (5th Cir. 1994). It is, therefore, well-settled that a revocation of supervised release hearing does not trigger "the full panoply of due process rights accorded a defendant at a criminal trial." *Carchman v. Nash*, 473 U.S. 716, 725 (1985). These proceedings do, however, affect the liberty interests of individuals and thereby entitle a defendant to limited protections under the Due Process Clause. *See Morrissey*, 408 U.S. at 484 (1972); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 788 (1973). The Federal Rules of Criminal Procedure incorporate these due process rights in Rule 32.1.

As relevant here, Rule 32.1(b) requires that the defendant be provided "written notice of the alleged violation." Fed. R. Crim. P. 32.1(b)(2)(A). But, "[a] revocation hearing need not be as rigid or as formal as a criminal trial either with respect to notice or specification of charges, fairness of the proceedings being the prime factor," *United States v. Evers*, 534 F.2d 1186, 1188 (5th Cir. 1976) (citing *Burns v. United States*, 287 U.S. 216, 221 (1932)), and to be effective under Rule 32.1, notice "need only assure that

5

the defendant understands the nature of the alleged violation," *United States v. Sistrunk*, 612 F.3d 988, 992 (8th Cir. 2010). Thus, a defendant's right to pre-hearing notice is satisfied where he has written notice of the conduct on which his revocation is based. *See United States v. Gordon*, 961 F.2d 426, 429–30 (3d Cir. 1992).

In *Gordon*, for example, the defendant argued her drug use should not have been considered at her revocation of probation hearing because the probation violation petition had not "formally charged her" with possession of a controlled substance. *Id.* at 429. Rejecting this argument, we found the requirements of notice satisfied because the petition cited two positive urine specimens and thus the defendant "should have anticipated that she would be questioned about her drug possession at the probation violation hearing." *Id.* Similarly, we found Rule 32.1(b)'s notice requirement satisfied in *United States v. Barnhart* where "the probation officer's petition for revocation provided Barnhart with written notice of the alleged probation violations: the failure to report to the probation officer on three different dates." 980 F.2d 219, 223 (3d Cir. 1992).

Like the defendants in *Gordon* and *Barnhart*, the notice Davis received prior to his revocation hearing was sufficient to ensure Davis understood the nature of the alleged violation of his conditions of supervised release and could prepare a defense. The probation memorandum explains "[o]n February 21, 2015, [Davis] was arrested on a warrant issued . . . for Unlawful Sexual Contact First Degree/Domestic Violence and Disturbance of the Peace by Threats/Domestic Violence." App. 454. The second charge, disturbance of the peace, ultimately served as the basis for revoking Davis's supervised

6

release.[4] Particularly when coupled with the March 9, 2015, Superior Court information (which Davis also received prior to the hearing [*see* App. 42]), the probation memorandum provided adequate notice that the conduct Davis was arrested for would be the basis for the revocation of supervised release hearing. Davis questions whether he was "supposed to guess which release condition he had violated," Appellant's Br. at 21, but our inquiry focuses on notice of the underlying conduct at issue in the hearing *i.e.*, the conduct which must be defended against. Regardless, Davis should have anticipated the condition alleged to have been violated was that he not commit another crime.

In arguing that notice of the specific violation is required, Davis references the Ninth Circuit's decision in *United States v. Havier*, 155 F.3d 1090 (9th Cir. 1998). *Havier* addressed the specificity of notice required regarding the underlying statute alleged to have been violated, not the specific condition of release alleged to have been violated as Davis argues here. More importantly, in *Havier*, the defendant was able to show how the lack of citation to a specific statute harmed his ability to defend against the alleged violations by altering what he chose to emphasize in his testimony and in cross-examination. *Id.* at 1094. Davis fails to demonstrate, or even argue, any specific prejudice resulting from the Government's failure to delineate in the memorandum which specific

---

[4] On January 27, 2017, the Government filed a formal notice of violation of supervised release. [App. 224]. In addition to alleging unlawful sexual contact in the first degree and disturbance of the peace by threats, this notice alleged Davis had committed unlawful sexual contact in the second degree in violation of 14 V.I.C. § 1709. The District Court found Davis did not receive adequate notice of the unlawful sexual contact in the second degree charge and the Government does not challenge this finding on appeal. [App. 393].

condition of supervised release was violated. To the contrary, Davis cross-examined the government's witnesses and presented two witnesses of his own, and his strategy of challenging the complainant's credibility was not dependent on knowing the specific condition of release he was charged to have violated. We will therefore affirm the District Court's denial of Davis's motion to dismiss.

**B.**

Davis also argues there was insufficient evidence to establish that he violated a condition of his supervised release by committing a disturbance of the peace by threats. Specifically, Davis argues his statement to JD that he would "deal with" her mother and father, and "leave her brother for last" is ambiguous and does not communicate any intent to commit violence. *See* Appellant's Br. at 26. Whether there is sufficient evidence to establish a violation of a condition of supervised release is a factual question reviewed for clear error. *See United States v. Poellnitz*, 372 F.3d 562, 565 n. 6 (3d Cir. 2004). We find no error in the District Court's analysis and will affirm.

To revoke a defendant's supervised release, a district court need only find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). "When the condition is that the defendant not commit a crime, there is no requirement of conviction or even indictment." *Poellnitz*, 372 F.3d at 566. This is consistent with "the broad discretion" we have traditionally afforded district courts to revoke probation and supervised release when the requisite conditions are violated. *Id.* (citing *Gordon*, 961 F.2d at 429).

8

Regarding the underlying crime at issue here, section 622(1) of the Virgin Islands Criminal Code proscribes "maliciously and willfully disturb[ing] the peace or quiet of any village, town, neighborhood or person, by loud or unusual noise, or by tumultuous offensive conduct, or threatening, traducing, quarreling, challenging to fight or fighting." 14 V.I.C. § 622. The Virgin Islands Territorial Court has explained that "[t]o constitute a 'threat' under a breach of peace statute, there need not be an immediate menace of violence or acts showing a present ability and will to execute the threat." *Gov't of Virgin Islands v. Stagger*, No. CRIM. 253/1976, 1977 WL 425260, at *3 (Terr. V.I. Mar. 15, 1977) (internal quotation and citation omitted). Instead, "[a] threat imports the expectation of bodily harm, thereby inducing fear and apprehension in the person threatened" and need not necessarily be "communicated directly to the threatened individuals." *Id.*

Referencing *Stagger,* the District Court concluded Davis had "made threats against various members of JD's family [and] those threats were made to JD to prevent her from telling anyone that defendant had shown her a picture of his penis." App. 395. The trial judge credited JD's testimony that she became panicked, scared, and nervous because she knew of Davis's criminal record, and therefore found the Government had satisfied its burden of demonstrating a disturbance of the peace by a preponderance of the evidence. [*Id.*]. We find no error in this analysis. As the Government explains in its brief, the circumstances surrounding Davis's statement are highly relevant and support a finding that his statement imported an expectation of bodily harm, thereby inducing fear and apprehension in JD: JD was young, JD had rejected Davis's sexual advances, Davis

9

had become agitated and JD was in a confined area when the statements were made, and JD knew Davis had a criminal record.

Based on these circumstances, the District Court did not commit clear error when it found, by a preponderance of the evidence, Davis had committed a disturbance of the peace by threats. As such, the District Court was well within its discretion to revoke Davis's supervised release.

## IV.

For the foregoing reasons, we will affirm the District Court's denial of Davis's motion to dismiss the revocation proceedings and decision to revoke supervised release.