# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2090

_____

United States of America

*Plaintiff - Appellee*

v.

Marcus Andrew Burrage

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 15, 2020
Filed: February 28, 2020

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

The district court[1] revoked Marcus A. Burrage's supervised release for a Grade
A violation for possession of heroin and three Grade C violations for disobeying the

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern
District of Iowa.

probation office. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

In 2011, a jury found Burrage guilty of two counts of distributing heroin. *United States v. Burrage*, 687 F.3d 1015, 1018 (8th Cir. 2012), *reversed*, 571 U.S. 204, 218-19 (2014) (holding that the defendant's drugs must be a but-for cause of a death or serious bodily injury under 21 U.S.C. § 841(b)(1)(C)), *remanded*, 747 F.3d 995, 997-98 (8th Cir. 2014) (remanding for resentencing on lesser included offense of distribution of heroin). The district court sentenced Burrage to 78 months' imprisonment concurrently on each count, followed by three years of supervised release. He began his supervised release on February 13, 2017.

On April 9, 2018, Chicago police stopped a vehicle reported as stolen. Burrage, a passenger, was searched. According to Officer Michael Mancha, the police found a rock chunk substance in a clear plastic bag in his pants pocket. The officers, based on their training and experience, believed it was heroin. Forensic lab testing confirmed 18.4 grams of heroin. Police also seized bundles of cash from him totaling almost $7,000. A drug dog alerted to the currency as narcotics-related. Burrage was arrested for possession of heroin and resisting-and-obstruction.

The government petitioned to revoke Burrage's supervised release for a Grade A violation based on heroin possession. The government later added three Grade C violations arising from the Chicago incident. While in custody in Iowa, Burrage admitted that he had been caught in Chicago with 20 grams of heroin. The district court found Burrage committed all four violations. The court sentenced him to 24 months' imprisonment, followed by 36 months of supervised release.

-2-

This court reviews for abuse of discretion a district court's decision to revoke supervised release. *United States v. Sistrunk*, 612 F.3d 988, 991 (8th Cir. 2010).

## II.

On appeal, Burrage contests only the Grade A violation. Officer Mancha, who seized the heroin, testified about the search and arrest. He identified the lab report analyzing the heroin. On cross-examination, he testified about transporting and storing the heroin. Burrage objected to the lab report for lack of foundation, chain of custody, and "authenticity" that the lab report was "considered reliable." On redirect, Officer Mancha explained how the police keep track of evidence. He said that the inventory number on the substance seized from Burrage matched the number on the lab report. Neither the lab report's author nor the technician testified.

Burrage argues that the district court erred in finding the Grade A violation, possession of heroin, because the only proof was the lab report and Officer Mancha's testimony. Violations of supervised release require proof by a preponderance of the evidence. *United States v. Ahlemeier*, 391 F.3d 915, 919 (8th Cir. 2004); **18 U.S.C. § 3583(e)(3)**. This court reviews for clear error the district court's factfinding about a violation. *Sistrunk*, 612 F.3d at 991.

Burrage objected to the lab report for chain of custody, foundation, and authenticity. On appeal, he presents only the argument that the district court should have balanced his right to question the lab personnel against the government's grounds for not requiring confrontation. *See United States v. Bell*, 785 F.2d 640, 642 (8th Cir. 1986). A defendant is entitled to "the minimum requirements of due process" at a revocation hearing, including "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972). The Federal Rules of Criminal Procedure grant defendants "an opportunity to . . .

question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." **Fed. R. Crim P. 32.1(b)(2)(C)**.

Burrage did not request to question the lab personnel who tested the heroin or wrote the report. *See **United States v. Gorsline***, 784 F. Appx. 974, 974 (8th Cir. 2019) (finding no confrontation right where releasee objected to a police report based on foundation and hearsay but did not request to question its author). An objection must be timely and clearly state the grounds. ***United States v. Pirani***, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). Errors not properly preserved are reviewed only for plain error. ***Id.*** Burrage did say, "We have no idea how it was taken to the lab, how it was tested . . . ." He did not clearly object based on his inability to confront the lab personnel. He gave the district court no opportunity to address the absence of live testimony. The district court did not plainly err in failing to address that issue. *See **United States v. Simms***, 757 F.3d 728, 732-33 (8th Cir. 2014) (holding that district court was not obligated to apply the *Bell* balancing test because the defendant did not object to lack of live testimony).[2]

Burrage's objections to "chain of custody"—six times—do not invoke the limited right to confront the lab personnel. The government does not need to provide live testimony for every step in the chain of custody unless it makes those steps a "crucial" issue. ***Melendez-Diaz v. Massachusetts***, 557 U.S. 305, 311 n.1 (2009);

---

[2]In his opening brief on appeal, Burrage does not develop his objections referencing authenticity, foundation, and "reliable." *See **Olson v. Fairview Health Servs. of Minn.***, 831 F.3d 1063, 1075 (8th Cir. 2016) (holding that appellant waived undeveloped issues on appeal). The district court did not plainly err in addressing them. *See **United States v. Chambers***, 878 F.3d 616, 620-21 (8th Cir. 2017) (holding that district court did not err by overruling reliability objection); ***Nichols v. United States***, 511 U.S. 738, 747 (1994) ("As a general proposition, a sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.").

***United States v. Johnson***, 688 F.3d 494, 505 (8th Cir. 2012). Submitting a lab report does not create a crucial chain-of-custody issue when the government does not extensively question witnesses about the chain of custody. *See* ***Johnson***, 688 F.3d at 505-06. Here, the government did not make the lab's chain of custody a crucial issue because it did not question witnesses about the lab's evidence-handling procedures. Nor does Burrage overcome the presumption of integrity of physical evidence by showing bad faith, ill will, or tampering with the evidence. *See* ***id.*** at 505.

The district court had sufficient evidence to find Burrage committed the Grade A violation.

III.

An Iowa state trooper testified about a search of an apartment in Nevada, Iowa, on April 10, 2018—coincidentally, the day after the Chicago arrest. The apartment had mail addressed to Burrage, heroin, marijuana, digital scales, and drug packaging. Burrage objected to the trooper's testimony because he had not received written notice of any violations arising from the Iowa search, despite his rights under due process and Federal Rule of Criminal Procedure 32.1(b)(2)(A). The government replied that it did not allege a separate violation of supervised release based on the Iowa search. Instead, it offered the testimony (1) to show Burrage's intent to commit the Chicago drug offense, under Federal Rule of Evidence 404(b), and (2) to support the sentencing factors under 18 U.S.C. § 3553(a). Burrage acknowledged that the government had emailed his counsel the materials and reports about the search.

Burrage argues that the district court violated his due process rights by admitting evidence unrelated to a violation in the petition for revocation of supervised release. *See* ***Morrissey***, 408 U.S. at 489 (requiring written notice of violations); **Fed.**

-5-

**R. Crim. P. 32.1(b)(2)(A)** (same).  The revocation petition listed only the Chicago Grade A violation and the three Grade C violations arising from the Chicago incident. This court reviews due process claims de novo, even if the claimant also alleges a Rule 32.1 violation.  *United States v. Sutton*, 916 F.3d 1134, 1138 (8th Cir. 2019).

The Iowa evidence did not give rise to a new violation requiring formal notice under Federal Rule of Criminal Procedure 32.1(b)(2)(A). *See United States v. Smith*, 718 F.3d 768, 773 (8th Cir. 2013) (holding that no formal notice was required when the district court did not find a separate violation).  Instead, the government used the Iowa trooper's testimony to support its allegation that Burrage possessed heroin in Chicago.  The testimony was relevant because it suggested Burrage was connected to heroin possession before his Chicago arrest.  *See United States v. Horton*, 756 F.3d 569, 579 (8th Cir. 2014) (holding that prior drug convictions are relevant to show intent and knowledge in a drug offense).  The testimony was also relevant to the sentencing factors under 18 U.S.C. § 3553.  *See* **18 U.S.C. § 3661** (allowing courts to consider any information concerning a defendant's background, character, or conduct when imposing a sentence).

On appeal, Burrage also argues that admitting the Iowa evidence violated the government's obligation to disclose adverse evidence under Federal Rule of Criminal Procedure 32.1(b)(2)(B).  Because Burrage did not raise this issue to the district court, this court reviews for plain error.  *See Pirani*, 406 F.3d at 549.

Burrage acknowledges that before the revocation hearing, the government emailed his counsel materials and reports about the Iowa search.  Burrage's counsel acknowledged that the materials and reports enabled him to contest the Iowa evidence at the hearing.  The government's disclosure was adequate.  *See Ahlemeier*, 391 F.3d

at 921 (holding that disclosure of evidence was adequate because defendant was able to prepare his defense).

Even if Burrage's due process rights were violated, he has not shown how further disclosure would have helped him. He has not identified other information that required disclosure before his hearing. Nor did he try to reopen the hearing or explain what he would submit if it were reopened. *See **Sistrunk***, 612 F.3d at 992 (finding no prejudice); ***United States v. Jones***, 770 F.3d 710, 713 (8th Cir. 2014) (same). Any error here was harmless.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____