# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2802
_____

United States of America

*Plaintiff - Appellee*

v.

Matthew David Siebrass

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: April 16, 2020
Filed: May 8, 2020
[Unpublished]
_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

After Matthew David Siebrass violated the conditions of his supervised release, the district court[1] sentenced him to 40 months of imprisonment, to be followed by an

_____

[1]The Honorable John M. Gerrard, Chief Judge, United States District Court for the District of Nebraska.

additional year of supervised release. Siebrass appeals, challenging the substantive reasonableness of the sentence. He points out that, while the district court was authorized by statute to impose a 60-month sentence, the United States Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") recommended only 6 to 12 months of imprisonment. *See* 18 U.S.C. § 3583(e)(3) (establishing statutory maximum prison sentences upon supervised-release revocation); U.S.S.G. § 7B1.4(a) (outlining recommended prison sentences upon supervised-release revocations). According to Siebrass, the district court unfairly counted both his methamphetamine addiction and his failure to complete drug treatment programs against him, and as a result imposed a sentence disproportionate to the "breach of trust" caused by his violation.

"We review the substantive reasonableness of a revocation sentence under the abuse-of-discretion standard." *United States v. Beran*, 751 F.3d 872, 875 (8th Cir. 2014). A sentencing court abuses its discretion "when it . . . fails to consider a relevant factor that should have received significant weight . . . [or] gives significant weight to an improper or irrelevant factor." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009), *vacated*, 562 U.S. 1267 (2011)). In our review, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). But "it will be the unusual case when we reverse a district court sentence — whether within, above, or below the applicable Guidelines range — as substantively unreasonable." *Id.* at 464 (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

We see nothing in the record indicating the district court's failure to properly consider or weigh the sentencing factors listed in 18 U.S.C. § 3583(e). It did not attempt to punish Siebrass for his inability to complete treatment for his addiction. Rather, Siebass's inability to abide by the required conditions suggested to the court that serving his would-be supervised-release period in prison would better serve both Siebrass and society. Just as it "is not unreasonable for a district court presented with

an incorrigible defendant to impose a lengthy sentence and then discharge the defendant from supervision," it is not unreasonable for a district court to impose on an incorrigible defendant both a lengthy sentence and a supervisory period upon release. *See United States v. Doe*, 516 F. App'x 604, 605 (8th Cir. 2013) (unpublished) (affirming a 48-month sentence upon revocation when the recommended sentence was 8–14 months); *see also United States v. Larison*, 432 F.3d 921, 924 (8th Cir. 2006) (affirming a 60-month sentence upon revocation when the recommended sentence was 5–11 months and after expressing concern about the defendant's "inability to successfully complete drug treatment programs while on supervised release").

The district court was familiar with Siebrass's history and characteristics, the resources invested into his improvement, the allegations of additional supervised-release violations, and the prior reduction of his sentence. *Cf. Beran*, 751 F.3d at 874–75. Under such circumstances, the district court acted within its discretion in fashioning Siebrass's revocation sentence. *Id.* at 875 (affirming a 48-month sentence upon revocation when the recommended sentence was 8–14 months). We therefore affirm.

_____

-3-