# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2507

_____

United States of America

*Plaintiff - Appellee*

v.

William Left Hand

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: March 18, 2022
Filed: May 10, 2022
[Unpublished]

_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

After concluding that William Left Hand violated the conditions of supervised release, the district court[1] sentenced him to nine months in prison. *See* 18 U.S.C. § 3583(e)(3). Although he argues that his due-process rights were violated when the

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

court relied on a preliminary-hearing transcript rather than live witness testimony to make its findings, we affirm.

Left Hand did not object, so we review for plain error. *See United States v. Burrage*, 951 F.3d 913, 916 (8th Cir. 2020). Ordinarily, district courts have to consider two factors in evaluating confrontation-based challenges at revocation hearings. *See United States v. Coleman*, 7 F.4th 740, 745 (8th Cir. 2021) (describing the *Bell* balancing test). But in circumstances like these, when there is no objection, we have held that there is no obligation to do so. *See United States v. Simms*, 757 F.3d 728, 733 (8th Cir. 2014).

Besides, the district court's reliance on the preliminary-hearing transcript had little to no effect on the outcome. *See United States v. Olano*, 507 U.S. 725, 734–35 (1993) (explaining that a forfeited error must affect a defendant's substantial rights). There was plenty of other evidence, including signed admissions of drug use and tribal convictions, supporting the finding that Left Hand violated the conditions of supervised release.

We accordingly affirm the judgment of the district court.

_____