# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1731
_____

United States of America

*Plaintiff - Appellee*

v.

Carl Deon Shinn

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: July 5, 2022
Filed: July 7, 2022
[Unpublished]

_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Carl Shinn appeals after the district court[1] revoked his supervised release and sentenced him to prison and an additional term of supervised release.  Shinn argues

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

that the district court clearly erred in finding that he had violated the conditions of his release because the government failed to prove that he knew he was required to provide the sheriff's office with his updated license plate number within 5 days.

Upon careful review, we conclude that the district court did not clearly err in finding by a preponderance of the evidence that Shinn violated Iowa's sex-offender laws--and thus a condition of his supervised release--by failing to register his new license plates with the county sheriff's office. *See* 18 U.S.C. § 3583(e)(3) (providing that the court may revoke supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release); *United States v. Sistrunk*, 612 F.3d 988, 991 (8th Cir. 2010) (explaining that the district court's fact finding as to whether a violation occurred is reviewed for clear error, and that we may reverse only if we have a definite and firm conviction that the district court was mistaken; the government must prove by a preponderance of the evidence that the defendant violated a condition of supervised release).

Specifically, Iowa law provides that a sex offender violates the law if he fails to fulfill a registration requirement of which he knows or reasonably should know, *see* Iowa Code §§ 692A.104(3) (providing that a sex offender shall, within 5 business days of a change in relevant information, notify the sheriff of the county where the principal residence of offender is maintained about the change to the relevant information), 692A.101(23)(a)(20) (stating that "relevant information" means, inter alia, vehicle information for a vehicle owned or operated by an offender including license plate number, registration number, vehicle description, and permanent or frequent locations where the vehicle is kept), 692A.111(1) (providing that a sex offender who violates any requirements of § 692A.104 commits an aggravated misdemeanor for the first offense and a class D felony for a subsequent offense; a violation occurs when a sex offender knows or reasonably should know of the duty to fulfill a requirement), and there was sufficient evidence that Shinn knew or should

have known of the requirement to notify the sheriff of a change in his license plate number within 5 days, *see* 18 U.S.C. § 3583(e)(3).

Accordingly, we affirm.

_____