# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-1916

_____

United States of America

*Plaintiff - Appellee*

v.

Taquan Laquise Johnson, (originally named Taquan Laguise Johnson), also known
as MooMoo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: November 13, 2023
Filed: January 4, 2024
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Taquan Laquise Johnson appeals from the revocation of his supervised release, arguing that the district court[1] erred by allowing the probation officer to read from a state court sentencing order during the revocation hearing. He claims that the hearsay testimony violated his right to confront adverse witnesses under United States v. Bell, 785 F.2d 640 (8th Cir. 1986), and Federal Rule of Criminal Procedure 32.1(b)(2)(C). We affirm.

The U.S. Probation Office alleged that Johnson had violated the conditions of his supervised release by committing another crime and by possessing a firearm. During the revocation hearing, defense counsel stated that his client admitted the violations, explaining that Johnson had pleaded guilty in state court to attempted aggravated robbery and that he had been sentenced to 120 months' imprisonment, with the imposition of an additional 120 months' imprisonment suspended. Counsel identified the state case number, the offense date, the sentence, the sentencing order, and the date the sentencing order was filed in state court. Before imposing the revocation sentence, the district court invited Johnson to make a statement.

To defense counsel's and the government's surprise, Johnson decided that he no longer wanted to admit the violations. The prosecutor thus called the probation officer as a witness and handed him the sentencing order, from which he identified the defendant's name, the conviction, the offense and conviction dates, and the sentence. Johnson did not object. Based on the probation officer's testimony, the court found that Johnson had been convicted of attempted aggravated robbery and had been sentenced as set forth above. Because he had committed a crime and thus violated the conditions of his supervised release, the district court revoked his release and sentenced him to 24 months' imprisonment, to be served consecutively to his state term of imprisonment, with no further supervised release to follow.

---

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

-2-

The district court did not plainly err in admitting the probation officer's recitation of information contained in a state court sentencing order. See United States v. Burrage, 951 F.3d 913, 916 (8th Cir. 2020) (standard of review). The government expected Johnson to admit the alleged violations of his conditions of supervised release, which he did. When he withdrew his admissions before being sentenced, the government was unexpectedly put to its burden of proof and thus called the probation officer to testify. That testimony relied on the state sentencing order to establish that Johnson had been convicted of and sentenced for attempted aggravated robbery, which is a Grade A violation requiring revocation.[2] Johnson did not dispute the sentencing order's reliability at revocation, nor does he challenge its reliability on appeal. We hold that the district court was not required to sua sponte disallow the testimony when doing so likely would have required a continuance and when the testimony was based on a demonstrably reliable court order. See Bell, 785 F.2d at 643 ("[T]he court should assess the explanation the government offers of why confrontation is undesirable or impractical" and consider "the reliability of the evidence which the government offers in place of live testimony."); United States v. Martin, 382 F.3d 840, 845 (8th Cir. 2004) ("[W]here . . . the underlying facts have been sufficiently developed, this court may itself perform the Bell analysis on review."); Burrage, 951 F.3d at 916 (district court did not plainly err by not addressing a confrontation issue during the revocation hearing when defendant did not object). Our decision in United States v. Johnson, 710 F.3d 784, 788–89 (8th Cir. 2013), does not compel a different conclusion.

The judgment is affirmed. We grant the government's unopposed motion to supplement the record.

_____

[2]Johnson does not challenge that attempted aggravated robbery is a Grade A violation that requires revocation. See U.S.S.G. § 7B1.3(a)(1) (court shall revoke supervised release upon a finding of a Grade A violation); U.S.S.G. § 7B1.1(a)(1) (conduct constituting Grade A violation); Ark. Code. Ann. § 5-12-103 (elements of aggravated robbery).