# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1607

_____

United States of America

*Plaintiff - Appellee*

v.

Cornelius D. Myers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: August 14, 2024
Filed: August 19, 2024
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Cornelius Myers appeals after the district court[1] revoked his supervised release and sentenced him to 24 months in prison and 12 months of supervised release. His

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

counsel has moved to withdraw and has filed a brief questioning whether Myers received timely notice of one violation. Myers has filed a pro se brief asserting he did not receive a timely hearing post-arrest, and challenging the district court's findings that he violated terms of his supervision as well as his counsel's effectiveness.

We conclude that the initial appearance and preliminary hearing were conducted in a timely manner, see Fed. R. Crim. P. 32.1(a)(1) (initial appearance must occur without unnecessary delay), (b)(1)(A) (preliminary hearing must be conducted promptly); and that Myers received written notification of his alleged violations prior to the revocation hearing, see Fed. R. Crim. P. 32.1(b)(2)(A) (requiring written notice of violations prior to revocation); see also United States v. Burrage, 951 F.3d 913, 917 (8th Cir. 2020) (standard of review).

Further, we conclude the district court did not clearly err in finding that Myers violated conditions of his supervised release, see United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009) (standard of review); and decline to address Myers's ineffective-assistance claims on direct appeal, see United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (concluding ineffective-assistance claims are usually best litigated in collateral proceedings).

Accordingly, we grant counsel's motion to withdraw and affirm the judgment.

_____