# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3312
_____

United States of America

*Plaintiff - Appellee*

v.

Spencer Ray Fitzpatrick

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge
_____

Submitted: September 23, 2019
Filed: November 21, 2019
_____

Before SMITH, Chief Judge, WOLLMAN and BEAM, Circuit Judges.
_____

SMITH, Chief Judge.

Spencer Fitzpatrick pleaded guilty to one count of conspiracy to distribute methamphetamine after having been previously convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846, and 851. The district court[1]

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

sentenced Fitzpatrick to 223 months' imprisonment. Fitzpatrick challenges the substantive reasonableness of his sentence. He argues the district court erred in denying his request for a downward variance by failing to properly consider his difficult upbringing. We disagree and affirm.

## I. *Background*

Fitzpatrick and another individual sold 26.6 grams of methamphetamine to a confidential informant in a motel room. After the sale, law enforcement officers entered the motel room, arrested Fitzpatrick and the other person, and seized another 26.22 grams of methamphetamine.

Prior to sentencing, the probation office prepared a presentence investigation report (PSR) that described Fitzpatrick's criminal and personal history. The PSR set Fitzpatrick's base offense level at 30, *see* U.S.S.G. § 2D1.1(c)(5), and assigned him a category VI criminal history based on his 28 criminal history points. In addition, the probation office recommended application of the career offender enhancement due to Fitzpatrick's three prior convictions for controlled substance offenses. *See* U.S.S.G § 4B1.1(b)(1). The career offender enhancement increased Fitzpatrick's offense level to 37, and after adjustments for acceptance of responsibility, his total offense level decreased to 34. Fizpatrick's offense level of 34 and category VI criminal history yielded an advisory Guidelines range of 262 months to 327 months' imprisonment.

At sentencing, Fitzpatrick requested a downward variance from the advisory Guidelines range based on his difficult upbringing. Fitzpatrick explained that his mother and adoptive father verbally and physically abused him in his early childhood. His mother left him at the age of 6, and his adoptive father continued to abuse him until the age of 12 when he entered state custody. Over the next four years, the State of Iowa placed him in 17 group home facilities. At age 16, Fitzpatrick located his biological father in Arizona and began living with him. At the time, Fitzpatrick's father abused alcohol, heroin, and cocaine.

After considering Fitzpatrick's argument, the district court denied his request for a downward variance. The district court expressly considered Fitzpatrick's difficult upbringing, but, given Fitzpatrick's age, 42, refused to attribute his extensive criminal history solely to his harsh rearing experiences. The district court explained that Fitzpatrick's recent criminal history outweighed his mistreatment. It specifically noted that Fitzpatrick immediately resumed dealing methamphetamine after his release from state prison. He had served less than 2 years of a 15-year prison sentence. The district court also noted he had recently fired a gun into an occupied residence containing five adults and six children. The district court did take Fitzpatrick's difficult upbringing into account along with the other sentencing factors that must be considered under 18 U.S.C. § 3553(a). The district court applied an agreed-upon downward departure using the bottom of the advisory Guidelines range of 262 months' imprisonment as the starting point. Fitzpatrick was sentenced to 223 months' imprisonment.[2]

## II. *Discussion*

When reviewing Fitzpatrick's challenge to the substantive reasonableness of his sentence, we review the district court's sentence for an abuse of discretion. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

> An abuse of discretion occurs when: (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment.

---

[2]The district court's sentence included a reduction for a downward departure of 15% from the bottom of the Guidelines range, which fell below the mandatory minimum sentence of 240 months' imprisonment.

*United States v. Williams*, 624 F.3d 889, 899 (8th Cir. 2010). In our review of the sentence, "we are to 'take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *Feemster*, 572 F.3d at 461 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). If Fitzpatrick's sentence falls within the Guidelines range, "then we 'may, but [are] not required to, apply a presumption of reasonableness.'" *Id.* (alteration in original) (quoting *Gall*, 552 U.S. at 51).

Fitzpatrick argues that the district court weighed an improper factor when it considered that he was 42 years old at sentencing in determining that his difficult upbringing weighed less heavily than a lifetime of crime. Based on this alleged error, Fitzpatrick argues that the district court's sentence was substantively unreasonable. "We judge the substantive reasonableness of [a] sentence with reference to the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Wahlstrom*, 588 F.3d 538, 547 (8th Cir. 2009). However, district courts may weigh certain sentencing factors more heavily than others. *United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014).

At sentencing, the district court fully considered each of the relevant § 3553(a) factors and explained why Fitzpatrick's criminal history outweighed his difficult upbringing. Specifically, the district court noted that although Fitzpatrick had a very rough childhood, his extensive criminal history over the decades since his childhood diminished the weight the district court accorded Fitzpatrick's upbringing. The district court explained:

> Anybody with 28 criminal history points is going to have a hard time getting a variance, frankly, when it only takes 13 to be a criminal history category VI. The criminal history covers almost all of the boxes, firearms, drugs, theft, burglary, violence, forgery. It's hard to imagine almost a crime Mr. Fitzpatrick hasn't committed.

I've certainly taken into account his difficult upbringing. I understand that he did have difficult situations growing up, but also, once you reach the age of 40 or 42, the—it becomes more difficult to blame it on the upbringing, and I find that here.

Sent. Tr. at 15, *United States v. Fitzpatrick*, No. 17-cr-3058-LTS (N.D. Iowa Oct. 25, 2018), ECF No. 99.

Based on these considerations, the district court explained that although Fitzpatrick's childhood was "a mitigating factor, it [did] not outweigh the incredibly serious criminal history and the need to protect the public from further crimes." *Id.* "The fact the district court did not give [Fitzpatrick's difficult upbringing] as much weight as [Fitzpatrick] would have preferred does not justify reversal." *United States v. Holdsworth*, 830 F.3d 779, 786 (8th Cir. 2016) (internal quotation marks omitted).

On these facts, the district court's decision to deny Fitzpatrick's request for a downward variance based on his difficult upbringing was not an abuse discretion. *See United States v. Ruelas-Mendez*, 556 F.3d 655, 658 (8th Cir. 2009).

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____