# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3840
_____

United States of America

*Plaintiff - Appellee*

v.

Wilbur Turner

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: June 13, 2022
Filed: August 15, 2022
[Unpublished]
_____

Before LOKEN, ARNOLD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Wilbur Turner appeals as substantively unreasonable the 11-month term of imprisonment imposed after his supervised release was revoked. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Turner pleaded guilty to conspiracy to distribute cocaine on December 2, 2013, and the district court sentenced him to 70 months of imprisonment followed

by four years of supervised release.[1]  His first term of supervised release began on June 21, 2018.

Turner's supervised release was revoked for the first time in January 2019, and he was sentenced to seven months of imprisonment followed by three years of supervised release.  He began a second term of supervised release on August 13, 2019, but it was again revoked in April 2020, leading to a sentence of nine months of imprisonment followed by one year of supervised release.  On December 30, 2020, Turner began his third term of supervised release.  Then, on November 9, 2021, the probation office filed another revocation petition alleging several violations of release conditions, including drug use, failure to report for drug testing, and failure to return to his residential reentry center.  Turner did not contest the violations.

The district court[2] held a revocation hearing on December 6, 2021.  The court calculated an advisory United States Sentencing Guidelines range of 5 to 11 months of imprisonment, to which Turner did not object.  The government asked the court to impose a sentence of at least 15 months of imprisonment.  Turner argued that the district court should not revoke his term of supervised release but rather continue it, citing to his strong employment history, his mental and physical health conditions, and his substance abuse issues.  The district court imposed a sentence of 11 months of imprisonment with no supervised release to follow.  Turner timely appealed.

Turner argues the revocation sentence is substantively unreasonable.  We review the substantive reasonableness of a revocation sentence under the same deferential abuse of discretion standard as an initial sentencing proceeding.  United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008).  A sentencing court abuses its

---

[1]On April 13, 2015, Turner's sentence was reduced to 60 months of imprisonment and four years of supervised release.

[2]The Honorable C. J. Williams, United States District Judge for the Northern District of Iowa.

discretion when "(1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment." United States v. Fitzpatrick, 943 F.3d 838, 840 (8th Cir. 2019) (quotation omitted).

Turner argues that the district court abused its discretion by giving significant weight to an improper or irrelevant factor, namely that Turner's drug use may have caused his mental and physical problems. Turner contends that the court relied on this conclusion "to discount Mr. Turner's health issues" without any evidence to support it. However, Turner highlights only a portion of what the district court said in response to his request for treatment rather than imprisonment. The district court first noted that Turner's medical records did not include any mental health diagnoses, and it then went on to observe that, "whether the defendant is suffering from mental health issues, in which he's purportedly self-medicating with methamphetamine, or whether his use of methamphetamine is causing him to have anxiety and high blood pressure and a high pulse rate is an unknown question." The district court concluded, "[T]he documents that I have simply don't answer any of those questions for me and do not give me enough information for me to conclude that the defendant is actually suffering from a mental health issue, as much as he's suffering from the consequences of using methamphetamine." Contrary to Turner's assertion, the record shows the district court simply found there was insufficient evidence for it to assess the nature or severity of the health problems Turner described.

In any event, discounting a mitigating factor, such as the defendant's mental health condition, and giving greater weight to an aggravating factor, such as Turner's multiple revocations, does not necessarily constitute an abuse of discretion. See United States v. Wilkins, 909 F.3d 915, 917 (8th Cir. 2018) ("[A] district court is given wide latitude in weighing relevant factors." (quotation omitted)). And even assuming the district court viewed Turner's drug use as a cause of his health problems, the record shows that the district court did not give that fact significant

weight.  See Fitzpatrick, 943 F.3d at 840.  Rather, the court expressly said that if this were Turner's first revocation, it "might be more amenable to the idea that he is struggling with mental health issues and give him more of a chance to see if treatment – mental health and substance abuse treatment might address those issues."  But Turner's supervised release had been revoked twice before due in part to "very similar conduct, [] using controlled substances," and the court was clear that the 11-month sentence was based primarily on Turner's repeated violations of his conditions of supervised release and multiple prior revocations.  See Wilkins, 909 F.3d at 917–18 (within-Guidelines revocation sentences presumed reasonable).  We discern no abuse of discretion in the sentence the district court chose.

The judgment of the district court is affirmed.

_____