# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1365
_____

United States of America,

*Plaintiff - Appellee,*

v.

Eagle Wind Lajeunesse,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: September 19, 2022
Filed: October 20, 2022
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Eagle Wind Lajeunesse challenges a sentence imposed by the district court after a third revocation of supervised release. Citing Lajeunesse's history of supervised release violations, his willingness to engage in deception to associate with

minor children, and the importance of protecting the public, the district court[*] varied upward from the advisory guideline range and imposed a term of thirty-six months' imprisonment. Lajeunesse argues that the sentence was unreasonable, but we conclude that there was no reversible error.

Lajeunesse's supervision stems from a conviction in 2010 for abusive sexual contact with a young child in Indian country. *See* 18 U.S.C. §§ 1151, 1153(a), 2244(a)(5), 2244(c). At the time of the 2010 conviction, Lajeunesse was a registered sex offender, having been adjudicated delinquent in 2005 for aggravated sexual abuse of a different child. After he was released from prison in 2018, the court twice revoked his term of supervision for failing to abide by rules of a residential reentry center. After serving short terms of imprisonment for those violations, Lajeunesse resumed serving a life term of supervised release in 2020.

The most recent revocation occurred after the court found that Lajeunesse, without the required approval of the probation office, associated with a minor newborn child and used an on-line social media service. Lajeunesse had conceived a child with a woman while on supervised release, but he did not disclose the pregnancy to either his probation officer or sex-offender therapist. Through counsel, Lajeunesse admitted that he withheld the information because he feared that the probation officer would say that he could not have contact with the child. He also used the social media website Facebook in violation of his supervised release conditions.

Proceeding under 18 U.S.C. § 3583(e), the district court calculated an advisory guideline range of five to eleven months' imprisonment, and then varied upward to a term of thirty-six months and a life term of supervised release. Lajeunesse appeals, arguing that the sentence is substantively unreasonable.

---

[*]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

We review the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings. *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008); *see Gall v. United States*, 552 U.S. 38, 51 (2007). An abuse of discretion occurs when: (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment. *United States v. Fitzpatrick*, 943 F.3d 838, 840 (8th Cir. 2019).

Lajeunesse contends that his revocation sentence is unreasonable because the district court gave weight to two improper factors. He did not object on this ground in the district court, so we review the contention for plain error. *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009); *see* Fed. R. Crim. P. 52(b).

Lajeunesse first argues that the district court improperly relied on a suggestion that he abused his newborn child. The court's statements do not support this conclusion. The court stated only that Lajeunesse's sentence would "protect the public, and most importantly, minor children including his infant daughter," and would ensure that Lajeunesse "won't be touching any children." The court also expressed concern that if Lajeunesse were released, then he would try again to have unauthorized contact with his daughter. There was no assertion that Lajeunesse had abused the child. The court may consider the need for the sentence imposed "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C), so the court's discussion of protecting the public in general and the newborn child in particular was not improper.

Lajeunesse also complains that the court improperly gave significant weight to his original offense conduct. In fashioning a revocation sentence, however, the district court may consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The district

-3-

court here examined Lajeunesse's original offense conduct in the context of evaluating the significance of Lajeunesse's latest supervised release violations. The court observed that Lajeunesse was forbidden to associate with minor children because his criminal history included abuse of children whose parents were well acquainted with Lajeunesse. It was not improper for the court to consider this criminal history in determining whether imprisonment was necessary to protect the public, including the young child of Lajeunesse's recent intimate partner.

Lajeunesse next asserts that his revocation sentence is unreasonable because the district court weighed the sentencing factors incorrectly and imposed a sentence that was greater than necessary. He contends that the district court unduly emphasized his history of abusing minor children and violating conditions of release, and gave too little weight to his individual characteristics and the non-violent nature of the instant violations. The sentencing statute, however, gives district courts wide latitude to weigh the relevant factors in each case, and it was permissible for the court to place greater weight on the aggravating factors. In particular, the court stressed that no contact with minors was "probably the most important condition" of release, and that Lajeunesse's violations showed a willingness to lie repeatedly in order to associate with minor children. The court's conclusion that a firm sentence of thirty-six months' imprisonment was necessary to protect the public was not a clear error of judgment or an abuse of discretion.

The judgment of the district court is affirmed.

_____