# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3165
_____

United States of America,

*Plaintiff - Appellee,*

v.

Dominic Aaron Taylor Duke, also known as Dominic Aaron Taylor-Duke,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: May 8, 2023
Filed: July 25, 2023
[Unpublished]
_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

Dominic Duke challenges a sentence imposed by the district court after a second revocation of supervised release. The district court[*] varied upward from the

_____

[*]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

advisory guideline range and imposed a term of twenty-four months' imprisonment. Duke argues that the sentence was unreasonable, but we conclude that there was no abuse of discretion.

Duke's supervision stems from a conviction in 2016 for unlawfully possessing a firearm and ammunition as a felon. After he was released from prison in 2020, the probation office reported that Duke violated the terms of his supervised release by using alcohol, failing to participate in substance abuse testing, failing to participate in alcohol testing, and failing to answer inquiries truthfully. Duke admitted the violations, and the court modified his terms of supervised release to require the performance of forty hours of community service.

After more violations in February 2021 for using drugs and alcohol and for failing to test, the court revoked Duke's term of supervised release. Duke served a four-month term of imprisonment for those violations, and began a second term of supervised release on September 3, 2021.

The current revocation occurred after Duke admitted that he failed to participate in drug testing, used alcohol and controlled substances, and drove at ninety-two miles per hour in a forty-five miles per hour zone while intoxicated. The district court calculated an advisory guideline range of twelve to eighteen months' imprisonment. Citing Duke's history of bad behavior, his previous supervised release violations, and the danger he posed to the public, the court varied upward to a term of twenty-four months' imprisonment.

On appeal, Duke argues that the sentence is unreasonable. We review the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings. *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008); *see Gall v. United States*, 552 U.S. 38, 51 (2007). An abuse of discretion occurs when: (1) a court fails to consider a relevant

factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment. *United States v. Fitzpatrick*, 943 F.3d 838, 840 (8th Cir. 2019). Duke argues that his revocation sentence is unreasonable because the district court weighed the sentencing factors incorrectly and imposed a sentence that was greater than necessary.

Duke argues that the district court placed too much weight on a statement by the judge who presided at Duke's prior sentencing hearing. In that earlier hearing, the judge said that if he saw Duke again in his courtroom for another violation, then the judge would "send [him] back to prison for as long as [he] could under the statute." Duke also complains that the court in the present case gave too little weight to Duke's personal circumstances, including that his drunk driving was tied to the anniversary of the death of several close family members, that he was gainfully employed and supporting his children, and that he had a history of mental illness.

The sentencing statute gives the district court wide latitude to weigh the relevant factors in each case, and it was permissible for the court to place greater weight on the aggravating factors. The court properly cited the prior judge's statement in the context of observing that Duke had been treated leniently after previous violations and received fair warning about the potential consequences of another transgression. The court emphasized that Duke's misconduct on release was "all a pattern," and that he is "still totally out of control."

The court acknowledged Duke's personal circumstances, noting it was "sure the death of family members didn't help," and that Duke had experienced "mental health-type problems." But the court properly stressed that Duke is "an extremely dangerous person at this time to any community where he is loose because he is out of control with his drinking." The court did not abuse its discretion in concluding

-3-

that a sentence of twenty-four months' imprisonment was necessary to protect the public and otherwise appropriate in light of Duke's history and characteristics.

The judgment of the district court is affirmed.

_____