# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3362
_____

United States of America

*Plaintiff - Appellee*

v.

Charles Andrew Jackson Stagner, also known as Charles Andrew Stagner

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: May 6, 2024
Filed: August 7, 2024
[Published]
_____

Before SMITH, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Charles Andrew Jackson Stagner was sentenced to a total of 288 months of imprisonment after pleading guilty to conspiracy to distribute a controlled substance and possession of a firearm in furtherance of a drug trafficking crime. On appeal, he

challenges his sentence, arguing the district court[1] misapplied relevant sentencing factors in assessing his request for a downward variance. We affirm.

## I.

Stagner was pulled over during a routine traffic stop. He initially slowed to a stop, but as a police officer approached his car, Stagner drove away. A car chase ensued. Police officers eventually stopped the car, searched it, and recovered, among other things, two firearms and roughly 209 grams of methamphetamine. Laboratory testing confirmed that the seized drug was 100% pure methamphetamine. In a post-Miranda interview,[2] Stagner admitted he was involved in drug trafficking, possessed guns for that purpose, and had obtained and distributed various amounts of methamphetamine.

Based on the laboratory testing of the seized methamphetamine and Stagner's admissions to law enforcement, the Presentence Investigation Report (PSR) indicated that he was accountable for at least twelve kilograms of "ice."[3] Stagner objected, asserting there was insufficient evidence to conclude that the entire twelve kilograms of methamphetamine attributed to him was "ice." According to Stagner, a base offense level applicable to a methamphetamine mixture, not "ice," was appropriate, because the purity of the entire amount could not be extrapolated from the laboratory results of the seized 209 grams. He pointed out that the methamphetamine was seized as the result of "a happenstance encounter," and

---

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

[3]"Ice" is "a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity." United States Sentencing Guidelines (USSG) § 2D1.1(c) n.(C) (2021). The base offense level for "ice" is higher than the base offense level applicable to the same quantity of a methamphetamine mixture. See USSG § 2D1.1(c)(1).

argued that there was no "correlation between the methamphetamine that was recovered and the methamphetamine that was admitted to."

The district court overruled the objection. Relying on the undisputed facts in the PSR, the district court found that the government had met its burden of proving that "all of the . . . methamphetamine involved in the conspiracy would have the same or similar purity as the methamphetamine that was seized." Based on this finding, Stagner's advisory Guidelines range was 360 months to life imprisonment, with a mandatory consecutive 5-year sentence for the firearm offense. The district court granted Stagner's request for a downward variance and determined that a combined sentence of 288 months—consisting of 228 months for the drug offense and 60 months for the firearm offense—was sufficient but not greater than necessary to meet the statutory goals of sentencing.

## II.

Stagner argues that the district court failed to properly consider several factors relevant to his request for a below-Guidelines sentence. "When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply 'a deferential abuse-of-discretion standard.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting United States v. Hayes, 518 F.3d 989, 995 (8th Cir. 2008)). "An abuse of discretion occurs when: (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment." United States v. Fitzpatrick, 943 F.3d 838, 840 (8th Cir. 2019) (quoting United States v. Williams, 624 F.3d 889, 896–97 (8th Cir. 2010)); see also 18 U.S.C. § 3553(a).

First, Stagner contends that his sentence failed to account for the disparity between the Guidelines' base offense level for "ice" and a methamphetamine mixture. But the district court considered this disparity and agreed with Stagner. It

explained that "a downward variance of some level is appropriate because . . . actual methamphetamine [or "ice"] is sentenced more harshly than it needs to be, more harshly than it should be." See Kimbrough v. United States, 552 U.S. 85, 110–11 (2007) (holding that a district court may impose a downward variance under § 3553(a) based on its disagreement with the crack/powder sentencing disparity under the Guidelines). Although Stagner "may not agree with the sentencing court's precise determination of the amount by which it decided to vary, the sentencing court . . . holds the discretion in this regard," and we find no abuse of that discretion. See United States v. Jimenez-Gutierrez, 491 F.3d 923, 929 (8th Cir. 2007).

Next, Stagner points out that his post-Miranda admissions about drug quantities increased his Guidelines range "exponentially." But the district court gave Stagner credit "for admitting [his] conduct so quickly," recognizing that by doing so he "admitted to drug quantities that law enforcement may not have been able to prove otherwise." As a result, the court said that Stagner's sentence "wouldn't be as high as it otherwise would [have been]" had the government been forced to prove drug quantity without his admissions. Again, we find no abuse of discretion. See Jimenez-Gutierrez, 491 F.3d at 929.

Finally, Stagner argues the district court gave insufficient weight to his "personal traits and characteristics," a factor courts must consider under § 3553(a)(1) when imposing sentence. But the district court took into account Stagner's "difficult family upbringing," his "early exposure to drugs," and "other forms of childhood trauma." It found these factors mitigating, and acknowledged that Stagner's addiction, mental health, and struggle with impulsivity likely contributed to his "really serious" criminal history. That the district court gave Stagner's history and characteristics less weight than he wanted was not an abuse of discretion. See Fitzpatrick, 943 F.3d at 840–41.

We affirm.

_____

-4-